[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2009
THOMAS K. KAHN
CLERK

No. 08-14606
Non-Argument Calendar
_____

D. C. Docket No. 08-61134-CV-WJZ

CORPORATE MANAGEMENT ADVISORS, INC.,

Plaintiff-Appellee,

versus

ARTJEN COMPLEXUS, INC.,
ARTHUR BARAT,

Defendants-Appellants.

_____

No. 08-14607
Non-Argument Calendar

_____

D. C. Docket No. 08-61159-CV-WJZ

CORPORATE MANAGEMENT ADVISORS, INC.,

Plaintiff-Appellee,

versus

ARTJEN COMPLEXUS, INC.,
ARTHUR BARAT,

                                                    Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(March 11, 2009)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

WILSON, Circuit Judge:

This appeal raises the following issue:  whether the failure to allege facts sufficient to establish subject matter jurisdiction in a notice of removal is a defect in the removal procedure.[1]  We conclude that it is a defect, and consequently, the district court cannot *sua sponte* remand a case to state court on that ground.

I.     BACKGROUND

On July 18, 2008, Artjen Complexus, Inc. and Arthur M. Barat (together

---

[1]Although we have previously addressed this question in *In re First National Bank of Boston*, as that case was vacated on other grounds, we have no binding precedent to guide us.  70 F.3d 1184 (11th Cir. 1995), *vacated*, 102 F.3d 1577 (11th Cir. 1996) (per curiam).  Today, we reassert much of the reasoning from *In re First National*.

2

"Artjen Parties") filed a notice of removal, seeking to remove a suit filed by Corporate Management Advisors, Inc. from a Florida state court to the District Court for the Southern District of Florida. The Artjen Parties sought removal on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. However, in their notice of removal, the Artjen Parties alleged only the residency of one of the parties, rather than his citizenship. Since residency is not the equivalent of citizenship for diversity purposes, the district court concluded that it lacked subject matter jurisdiction. Accordingly, pursuant to 28 U.S.C. § 1447(c), the district court *sua sponte* remanded the case to state court.

On July 23, 2008, the Artjen Parties filed an amended notice of removal in which, they contend, they alleged sufficient facts to establish complete diversity of citizenship between the parties. However, on July 29, 2008, the district court again remanded the case to state court. The district court concluded that, pursuant to 28 U.S.C. § 1447(d), it lacked jurisdiction to review a remand order "on appeal or otherwise . . . ." The Artjen Parties appealed. Although we initially dismissed their appeals for lack of jurisdiction, on November 26, 2008, we granted the Artjen Parties' motion for reconsideration of our order of dismissal and consolidated their appeals.

II.    DISCUSSION

3

"The interpretation of a statute is a question of law subject to *de novo* review." *United States v. Murrell*, 368 F.3d 1283, 1285 (11th Cir. 2004) (citation omitted). Accordingly, we review the district court's interpretation of 28 U.S.C. § 1447 *de novo*.

Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." Furthermore, we are precluded from reviewing such a remand order "whether or not that order might be deemed erroneous by [us]." *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S. Ct. 584, 593 (1976), *overruled on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S. Ct. 1712 (1996). However, § 1447(d) "is tightly circumscribed to cover only remand orders within the scope of 28 U.S.C. § 1447(c), based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks and citation omitted).

The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time. *See* 28 U.S.C. § 1447(c). Furthermore, a remand order based on subject matter jurisdiction is not reviewable. 28 U.S.C. § 1447(d).

However, we have jurisdiction to review whether the "district court exceeded its authority under § 1447(c) by remanding this case because of a perceived procedural defect in the removal process without waiting for a party's motion." *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001). As we held in *Whole Health*, "[t]he language of § 1447(c), especially Congress's use of the language 'a motion to remand . . . must be made,' in connection with remand based on a procedural defect in the removal process, and the lack of that phrase with respect to removal for lack of subject matter jurisdiction, indicates that the district court must wait for a party's motion before remanding a case based on procedural defect." *Id.* at 1320-21.

Here, the district court based its *sua sponte* remand order on a perceived lack of subject matter jurisdiction under § 1447(c), specifically, on the absence of diversity. However, we conclude that the failure to establish a party's citizenship at the time of filing the removal notice is a "procedural, rather than jurisdictional, defect. . . ." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993).

In so holding, we rely substantially on the Fifth Circuit's well-reasoned opinion in *In re Allstate*. In that case, because Allstate failed to adequately allege a party's residency in its notice of removal, the district court remanded the case to

5

the state court. *Id.* at 220. On appeal, the Fifth Circuit reasoned that "a 'procedural defect' within the meaning of § 1447(c) refers to any defect that does not go to the question of whether the case originally could have been brought in federal district court. . . ." *Id.* at 221 (internal quotation marks and citation omitted). Thus, "Allstate's failure to allege, in its notice of removal, the plaintiff's citizenship at the time the original petition was filed constitutes a procedural, rather than jurisdictional, defect; although Allstate failed conclusively to *demonstrate* diversity, the record discloses no dispute that it in fact *existed*." *Id.* The Fifth Circuit then held that district courts lack the "discretion *sua sponte* to remand for purely procedural defects," specifically, defects in establishing citizenship for the purpose of establishing diversity jurisdiction. *Id.* at 223. *See also Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (citing with approval the reasoning in *In re Allstate* that "a defendant's failure to allege citizenship as opposed to residency . . . constituted a procedural defect").

We agree with the Fifth Circuit's interpretation of § 1447(c) and construction of a party's failure to establish citizenship in its notice of removal as a procedural defect. "[W]here subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653, we can surmise no valid reason for the court to decline the exercise of jurisdiction." *In re Allstate*, 8 F.3d at 223.

*See also Ellenburg*, 519 F.3d at 198 (holding that the Fourth Circuit has jurisdiction to review a district court's *sua sponte* remand order, even when that remand order is styled as a remand for lack of subject matter jurisdiction, if the order was in fact based on the procedural insufficiency of the Notice of Removal).

Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." As the Fifth Circuit has explained:

> The general allegation in the original petition for removal in this case, 'that the controversy in said case is entirely between citizens of different states,' although conclusionary in nature and possibly not sufficient if not amended, is sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment.

*Firemen's Ins. Co. v. Robbins Coal Co.,* 288 F.2d 349, 350 (5th Cir. 1961) (citation omitted).[2] If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party "to cure the omission," as authorized by § 1653. *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146-47 (5th Cir. 1979). For example, in *Armada Coal*, a party "imperfectly pled" federal diversity jurisdiction as the ground for its removal to federal court. *Armada Coal Export, Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1568 (11th Cir. 1984).

---

[2]*See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting the prior precedent of the former Fifth Circuit as binding precedent in the Eleventh Circuit).

We remanded the case to district court with instructions to grant the party leave to amend its notice of removal to "unequivocally" establish diversity of citizenship. *Id.* at 1569. *See also Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969) (holding that defective allegations of citizenship may be amended to establish diversity jurisdiction).

Here, the Artjen Parties appeal the district court's refusal to allow them to amend their notice of removal, pursuant to 28 U.S.C. § 1447(d)'s prohibition on review of a remand order "on appeal or otherwise." Because we hold that the district court erred by remanding this case on jurisdictional grounds when faced solely with a procedural defect in the removal process, we direct the district court to permit Artjen leave to amend its notice of removal, pursuant to 28 U.S.C. § 1653.

III.    CONCLUSION

For the foregoing reasons, we reverse the district court's July 21, 2008 Order of Remand and July 29, 2008 Order of Remand. We remand the case to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**