**Jose TRUTIE, Plaintiff,**

v.

**REPUBLIC NATIONAL DISTRIBUTING COMPANY, L.L.C., and Bill Barnes, Defendants.**

**Case No. 10–60928–CIV–ZLOCH.**

United States District Court, S.D. Florida.

June 15, 2010.

Chris Kleppin, Glasser Boreth & Kleppin, Plantation, FL, for Plaintiff.

Philip Richard Marchion, Cathy Mattson Stutin, Fisher & Phillips LLP, Fort Lauderdale, FL, for Defendants.

### *FINAL ORDER OF REMAND*

WILLIAM J. ZLOCH, District Judge.

THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

Defendants Republic National Distributing Company, L.L.C. and Bill Barnes filed their Notice Of Removal (DE 1) on June 2, 2010. The Court's jurisdiction in this matter was premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332. By prior Order (DE 4), the Court advised Defendants Republic National Distributing Company, L.L.C. and Bill Barnes that their Notice of Removal failed to satisfy the requirements of § 1332 and ordered Defendants to file an Amended Notice of Removal that satisfies the statute. Defendants then filed an Amended Notice of Removal (DE 5); however, it too is insufficient to establish this Court's jurisdiction over the above-styled cause. Thus, remand is required.

Section 1332 provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between (1) citizens of different States." 28 U.S.C. § 1332(a), The dictates of § 1332 keep the federal courts moored to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution, as Justice Stone stated in reference to § 1332 in *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934), "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

These dictates stem from the fact that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir.2005), *citing Turner v. Bank of N. Am.*, 4 U.S. 8, 10, 4 Dall. 8, 1 L.Ed. 718 (1799). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994).

It is well settled that the removal statute is to be strictly construed against removal and in favor of remand because a defendant's right to remove and plaintiff's right to choose his forum are not on equal footing. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) (where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand); *see also Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir.1979).

■ The Court is mindful of the instruction of the Eleventh Circuit Court of Appeals that prior to remanding a case for lack of subject matter jurisdiction upon the failure of the removing party to properly allege diversity, the district court must grant leave to amend. *Corporate Management Advisors Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297–98 (11th Cir. 2009). Accordingly, by prior Order (DE 4), the Court directed Defendants Republic National Distributing Company, L.L.C. and Bill Barnes to amend their Notice of Removal because diversity was not pled so as to satisfy the requirements of § 1332. A review of the Amended Notice Of Removal (DE 5) filed herein reveals that the requisite diversity of citizenship of the Parties is still not apparent on its face. The Amended Notice of Removal (DE 5) states, in relevant part:

> b. RNDC is incorporated in the States of Delaware and its principal place of business is in the State of Texas, and, therefore, is a citizen of these states for diversity jurisdiction purposes and not a citizen of the State of Florida for the purposes of diversity jurisdiction.

DE 5, ¶ 5(b). Defendants aptly recite the requirements of § 1332 regarding the citizenship of corporations; however, the Court notes that a limited liability company is not the equivalent of a corporation for the purposes of § 1332. When determining citizenship, "[a] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP. L.P. v. Comcast SCH Holdings. L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.2004). The Amended Notice of Removal altogether lacks allegations regarding the citizenship of all members of Defendant Republic National Distributing Company, L.L.C. Because they have insuf-

ficiently plead the citizenship of Defendant Republic National Distributing Company, L.L.C., Defendants have failed to establish the Parties' diversity of citizenship. Therefore, Defendants have not met their initial burden of establishing this Court's jurisdiction over the above-styled cause.

In remanding the above-styled cause due to Defendants' repeated failure to satisfy the requirements of federal jurisdiction, the Court echoes the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction? Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide? The sky will not fall if federal courts occasionally stray outside the proper bounds. But the fact that limits on subject-matter jurisdiction axe not waivable or forfeitable—that federal courts are required to police their jurisdiction—imposes a duty of care that we are not at liberty to shirk. And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds. Hence [it is] ... the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

*Smoot v. Mazda Motors of Am., Inc.,* 469 F.3d 675, 678 (7th Cir.2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED** to state court;

2. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 10 09536(14); and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.