[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12402
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00934-TJC-MCR

BILL NORKUNAS,
Individually,

Plaintiff - Appellant,

versus

SEAHORSE NB, LLC,
A Florida Limited Liability Company,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 25, 2011)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Bill Norkunas, who suffers from post-polio syndrome, brought an action under Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181–12189 against Seahorse NB, LLC ("Seahorse"), alleging the existence of barriers at its property, the Seahorse Oceanfront Inn ("the Seahorse Inn"). The Seahorse Inn was built in the 1950s prior to the enactment of the ADA, and Seahorse constructed a non-accessible walkway to the beach in 1999. On June 16, 2010, the district court partially granted Seahorse's Motion to Dismiss based on lack of standing and limited the scope of the suit to exclude the two designated accessible motel rooms. The district court conducted a bench trial on February 14, 2011. On May 23, 2011, the district court found that Norkunas failed to establish continuing discrimination under Title III of the ADA and so entered judgment for Seahorse.

Norkunas raises five issues on appeal: (1) whether the district court erred in ruling that the Plaintiff lacked standing to seek injunctive relief over the designated accessible rooms; (2) whether the district court applied the proper standard and burden of proof in its analysis of the dune walkway claim; (3) whether the district court applied the proper standard and burden of proof when analyzing claims involving elements of the Seahorse Inn constructed before the enactment of the ADA; (4) whether the district court properly admitted testimony

2

from Seahorse's owner and expert at trial; and (5) whether the district court erred in finding that the Seahorse Inn's parking was ADA compliant.

## DISCUSSION

Title III of the ADA provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

Congress created two standards of compliance for the accessibility of public accommodations by defining the term "discrimination" based on the age of the building. Buildings that pre-existed the enactment of the ADA must meet the "readily achievable" standard, and buildings constructed after the enactment of the ADA must meet the new construction or alterations standard. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), 12183(a).

For pre-existing places of public accommodation, failure to remove architectural and structural barriers "where such removal is readily achievable" constitutes discrimination. *Id.* § 12182(b)(2)(A)(iv). "Readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9). When removing barriers, an entity should

3

strive to meet the new construction standard if readily achievable. If it is not readily achievable, the entity may make its accommodations available through alternative readily achievable means. *Id.* § 12182(b)(2)(A)(v); 28 C.F.R. § 36.304(d)(3). No public accommodation is required to make a modification or alteration if permitting an individual to participate in or benefit from the facilities would pose a "direct threat to the health or safety of others." 42 U.S.C. § 12182(b)(3).

New construction (and alterations[1] to a facility affecting its usability) built after the enactment of the ADA must be designed to make the facility "readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs" to the maximum extent feasible. *Id.* § 12183(a)(2). Failure to make such construction (and alterations) accessible constitutes intentional discrimination. *Id.*

We review findings of fact for clear error. *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th Cir. 2007). We review questions

---

[1]Not every change to an existing facility is an "alteration" under the statute. Relevant regulations define alteration as "a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof." 28 C.F.R. § 36.402.

of law, including statutory interpretation, *de novo*.  *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009).

## A. STANDING

Article III judicial power extends only to cases or controversies.[2]  U.S. CONST. art. III, § 2.  A  federal court has an obligation to assure itself that a litigant seeking an injunction has standing to do so.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180, 120 S. Ct. 693, 703–04 (2000).  To satisfy the requirements of standing, a plaintiff must demonstrate: (1) an injury in fact; (2) a causal connection between the injury and conduct complained of; and (3) that a favorable court ruling could redress the injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992).  Injunctive relief requires a further showing of a plaintiff's actual or imminent injury.  *Id.* at 564, 112 S. Ct. at 2138.

After an evidentiary hearing, the district court found that in addition to his pre-filing visit, Norkunas attempted to visit the Seahorse Inn once after he filed suit but was unable to stay due to a lack of available rooms.  It further found that

---

[2]Norkunas raises the issue of mootness, specifically that Seahorse should not win on the merits since it failed to meet the "formidable burden" required to show that the case was moot at trial.  This argument is not well taken.  Seahorse's failure to prevail on a mootness argument does not entitle Norkunas to judgment on the merits.

Norkunas visited the Lemon Bar, located within the motel, on four separate occasions. Additionally, the district court found that Norkunas sufficiently demonstrated that he regularly travels to and through Jacksonville, and will continue to do so. These findings are not clearly erroneous. Thus, we find that Norkunas had standing to bring this suit.[3]

In addition to standing to bring suit, plaintiffs must have standing to bring each claim in the lawsuit. *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1002–03 (11th Cir. 2004) ("[S]tanding must exist with respect to each claim."). Norkunas appeals the district court's finding that he did not have standing to bring claims involving two designated accessible rooms. At the evidentiary hearing on standing, the district court accepted Seahorse's testimony that an accessible room would have been available to Norkunas, but he did not request one. Based on this testimony, the district court found that Norkunas could not have encountered discrimination in the accessible rooms, and he therefore does not have standing to include those rooms in his discrimination case.

---

[3]Seahorse objected to Norkunas' standing partly because he visited the Seahorse Inn in his capacity as an ADA "tester," for the purpose of investigating ADA compliance. As the district court noted, we have never addressed the issue of "tester standing" or "professional plaintiff" standing under the ADA. We find that Norkunas had standing on the basis of his continuing need to stay at hotels in Jacksonville when traveling between his two homes and in conducting his work with post-polio patients. We therefore do not address "tester standing" here.

Norkunas argues that the statutory language of the ADA allows for standing to bring an entire facility into compliance once one barrier is encountered. We reject this construction. While the nature of a motel only allows people to stay in one room per night, in this case Norkunas did not attempt to avail himself of an accessible room. Because he did not experience discrimination as a result of his stay in a designated accessible room, he was not discriminated against through barriers contained therein and he does not meet the injury in fact requisite for standing. *See Lujan*, 504 U.S. at 560–61, 112 S. Ct. at 2136.

## B. DUNE WALKOVER

A plaintiff alleging Title III ADA discrimination must initially prove that (1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA. 42 U.S.C. § 12182(a). For alterations of premises, the ADA defines discrimination as "a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." *Id.* § 12183(a)(2). For new construction and alterations, the Attorney General's ADA Accessibility Guidelines are construction guidelines offering a safe harbor for new construction such that compliance with

7

the Accessibility Guidelines means compliance with the ADA. All new construction should comply with the Attorney General's regulations, and the regulations require that all new construction (and alterations) shall comply with the issued standards. *Id.* § 12186(b); 28 C.F.R. § 36.406(a).

The district court found that no federal or state regulations exist governing the accessibility standards for beach access walkways. Seahorse argues that the dune walkover did not have to be made accessible because it is not a path of travel or a required accessible route. Absent federal or state scoping regulations requiring accessible beach walkways, the district court could not find a legal basis on which to require the walkway to be made accessible.

After a thorough review of the relevant laws and regulations, we agree. Therefore, it is not necessary for Seahorse to bring the dune walkover into compliance with the ADA, for regulations governing beach walkways do not exist.

## C. PRE-EXISTING BARRIERS

1. Applicable Standard

While the plaintiff has the burden of proving discrimination in an ADA claim, Norkunas argues that the burden shifts here because Seahorse completed remedial measures before trial. We disagree. The ADA provides only prospective injunctive relief for violations, and does not allow for damages for past

8

discrimination or past remedied violations. 42 U.S.C. § 12188(a)(1). Seahorse's remedial work did not diminish or shift Norkunas's burden of proof, and the district court did not err in requiring Norkunas to prove discrimination.

2. Burden of Proof

As with the dune walkover, any plaintiff alleging Title III ADA discrimination must make an initial showing of discrimination under the ADA. To meet their burden of proof in discrimination cases focused on pre-existing buildings, plaintiffs must present evidence of a barrier, and "sufficient evidence so that a defendant can evaluate the proposed solution to a barrier, the difficulty of accomplishing it, the cost [of] implementation, and the economic operation of the facility." *Gathright-Dietrich v. Atlanta Landmarks, Inc.* 452 F.3d 1269, 1274 (11th Cir. 2006). When plaintiffs meet the burden of production showing that the removal of barriers is "readily achievable," the burden then shifts to the defendant to prove the affirmative defense that the removal of a barrier is not readily achievable. *Id.* Typically, litigation focuses on whether barrier removal is readily achievable or not. Here, the focus is the continued existence of barriers at the time of trial. The burden of proof does not change when remedial measures are accomplished before trial. Evidence presented regarding the changes at the Seahorse Inn is counter-evidence for the finder of fact to weigh in determining the

existence of the barriers—not an argument of mootness as the plaintiff contends. The district court did not err in applying the *Gathright-Dietrich* burden-shifting standard.

3. Sufficiency of Seahorse's Evidence

All relevant evidence is generally admissible. FED. R. EVID. 402. We review the admission of evidence by the district court for abuse of discretion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002). Generally, this Court will not consider an issue not raised in the district court. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Thus, to preserve evidentiary issues on appeal in civil cases, parties must object to the challenged testimony under the contemporaneous-objection rule. *See Sec. & Exch. Comm'n v. Diversified Corp. Consulting Group*, 378 F.3d 1219, 1227 (11th Cir. 2004) ("In a case such as this—where the party foregoes an opportunity to object—we do not entertain the objection on appeal."). However, in a rare, exceptional civil case, we review evidence admitted without a contemporaneous objection for plain error if the error would result in a fundamental miscarriage of justice. *Christopher v. Cutter Labs.*, 53 F.3d 1184, 1192 (1995). "Plain errors are obvious and substantial errors which seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Hope*, 901 F.2d 1013,

1020 (11th Cir. 1990) (citation omitted). We need not decide if this is such a rare case because there is no plain error in any event.

a. Cole's Testimony

Norkunas argues that the district court erroneously considered the testimony of Seahorse's owner David Cole on matters of ADA compliance. Norkunas argues that ADA compliance is technical and therefore requires an expert to testify as to matters of compliance. He appeals the admission of Cole's testimony regarding the curb ramp by the registration office, the gates on the property, the door thresholds to Room 118, the alterations made to the restrooms in the Lemon Bar, and the parking space in front of the registration office.

Reviewing the record and testimony appealed, we find that Cole's testimony was limited to facts within his personal knowledge, as permitted by the Rules of Evidence.[4] *See* FED. R. EVID. 602. The district court therefore did not commit error in admitting this testimony.

b. Defense Expert's Testimony

---

[4]Cole testified that he smoothed an area outside an office (curb ramp); added pavers around the gate latches; leveled a threshold of a door and narrowed the size of the bump by at least one-half inch; moved grab bars an inch or two, took away part of an apron under the lavatories, and did work in the area of the Lemon Bar restrooms; and made a parking space "as level as possible." Brief for Appellant at 37–38, 42, 45.

Here, Norkunas challenges the testimony of Seahorse's expert Barley, but no objection was raised at trial. Therefore, we review for plain error. *Christopher*, 53 F.3d at 1192. Barley is a licensed architect with more than forty years of architectural experience and extensive experience in ADA compliance. He is a member of the College of Fellows of the American Institute of Architects and has served as President of AIA Florida and as a member of the AIA Board of Directors.

We do not find plain error in the district court's admission of Barley as an expert for the defense or in the district court's reliance on his testimony in his report and at trial.

### D. PARKING

Norkunas also appeals the district court's finding that the Seahorse Inn's parking complied with the ADA. The district court found that Seahorse owned two parking lots: one exclusively for the use of guests of the Seahorse Inn containing twenty-three spaces ("the close lot"); and the other for use by the public, guests of the Seahorse Inn, and patrons of the Lemon Bar, containing sixty spaces ("the far lot"). Norkunas argues that these lots should be considered together when determining the number of required accessible parking spaces for the Seahorse Inn.

12

The district court found that the two accessible parking spaces in the close lot satisfied the requirements of the ADA. The district court's conclusion analyzes the close lot as the Seahorse Inn's only parking lot and the far lot as a separate entity. There is evidence in the record indicating that even though Seahorse owns both lots, they serve different functions and can be analyzed separately. We find no clear error in the district court's conclusion that the close lot was the Seahorse Inn's parking lot for analysis of ADA compliance. *Morrissette-Brown*, 506 F.3d at 1319. We agree therefore with the district court's conclusion that the Seahorse Inn's parking complied with the ADA.

The district court also found that the additional accessible parking spots across the street were not improper since they complied with the ADA requirements for size, striping, and signage. We find no clear error in the district court's finding that these additional accessible spaces in a separate lot did not violate the ADA. Since Norkunas objects only to the Seahorse Inn's parking, which the district court found to include only the close lot, we do not address the compliance of the far lot with the ADA.

## CONCLUSION

The district court properly found that Norkunas had standing to bring this suit against Seahorse. It also properly ruled that his standing did not allow him to

13

include the accessible rooms in his suit. The district court did not err in requiring Norkunas to prove the existence of discrimination under the ADA and in applying the *Gathright-Dietrich* burden-shifting standard of proof. The district court did not err in its finding that the dune walkway is not required to be made accessible since it is not a required accessible route, nor did it err in admitting testimony from Seahorse's owner and expert witness. The district court properly considered this testimony when considering the accessibility of the Lemon Bar restrooms, curb ramp, parking, gate latches, and door thresholds on this testimony. The district court did not err in construing the Seahorse Inn's parking as consisting of the lot closest to the Seahorse Inn only, and in finding its parking compliant.

**AFFIRMED.**