[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15490
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cv-62513-JIC

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff-Appellee,

versus

LILIETH D.A. SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 2, 2017)

Before TJOFLAT, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Lilieth Smith, proceeding pro se, appeals the district court's sua sponte order

remanding a suit filed against her back to Florida state court. In 2013, U.S.

National Bank Association ("U.S. Bank") filed a foreclosure action against Smith

in Florida state court.  In 2015, Smith removed the suit to federal court, claiming

the district court had diversity jurisdiction.  The district court remanded the case

for two reasons: (1) Smith did not timely remove the case against her; and (2) the

court did not have diversity jurisdiction over the case because U.S. Bank sued

Smith in Florida, where she is a citizen.  After careful review, we reverse the

district court.

## I.

On May 21, 2013, U.S. Bank filed a foreclosure action against Smith in

Florida state court.  On December 1, 2015, Smith removed U.S. Bank's suit to

federal court.  In Smith's notice of removal, she said the district court had diversity

jurisdiction because she was a citizen of Florida and U.S. Bank was incorporated in

Ohio.  She also said the district court had federal-question jurisdiction case because

she asserted a counterclaim against U.S. Bank in state court under the Fair Debt

Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

Smith attached a docket from the state-court action to her notice of removal.

The state-court docket shows Smith is one of three named defendants sued by U.S.

Bank.  The docket also classifies U.S. Bank's suit as a residential foreclosure

action on a property worth more than $250,000.

On the same day the district court received Smith's removal notice, it

remanded the case back to Florida state court.  The court noted in its remand order

2

that it was required to remand a case removed from state court if it did not have subject-matter jurisdiction over the case.  The district court found it did not have jurisdiction over U.S. Bank's suit for two reasons: First, the court said it lacked diversity jurisdiction because a defendant may not remove a case to federal court that was filed against her in her home state (the "forum-defendant rule").  See 28 U.S.C. § 1441(b)(2).  Second, the court found Smith did not remove the case within the statutory time limit because she removed it more than two years after it was filed.  See id. §§ 1446(b)(1) and (c)(1).

## II.

The district court's sua sponte remand order is due to be reversed.  When a party removes a case from state court to federal court, 28 U.S.C. § 1447(c) empowers a district court to remand the case back to state court.  There are two different categories of defects in a removal notice that can warrant a remand: (1) a lack of subject-matter jurisdiction; and (2) a so-called "procedural defect."  28 U.S.C. § 1447(c); see Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1320–21 (11th Cir. 2001).  While a district court can sua sponte remand a case for lack of subject-matter jurisdiction, a district court cannot sua sponte remand a case because of a procedural defect.  Id. at 1319–21.  Instead, if the only basis for remand is a procedural defect, then a court must wait for the plaintiff to file a timely motion to remand.  Id.

3

Here, both of the district court's reasons for remanding Smith's case are procedural. See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1372 n.4 (11th Cir. 1998) (the forum-defendant rule); Loftin v. Rush, 767 F.2d 800, 805 (11th Cir. 1985) (untimely removal), abrogated on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714–15, 116 S. Ct. 1712, 1720 (1996). Thus, the court erred when it sua sponte remanded her case.

U.S. Bank urges us to affirm the district court for reasons not mentioned in the court's remand order. It argues Smith failed to show in her notice of removal that (1) the parties to the case were completely diverse; and (2) that the amount in controversy was more than $75,000. Both are required for diversity jurisdiction. See 28 U.S.C. § 1332(a). Although we may affirm the district court on any ground supported by the record, see Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001), the record does not support either of the grounds U.S. Bank has raised.

First, we cannot affirm the District Court's remand order on the ground that Smith failed to show complete diversity in her notice of removal. Under our precedent, unless it is undisputed from the record that diversity does not exist, a defendant's failure to "demonstrate diversity" in the notice of removal is merely a procedural defect, and the defendant must be given an opportunity to cure it. Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296–97 (11th

Cir. 2009) (quotation omitted).  Here, Smith's removal notice failed to include the citizenship of her two codefendants,[1] as well as U.S. Bank's principal place of business.  See 28 U.S.C. §§ 1332(a) & (c)(1).  But nothing in the record shows U.S. Bank was a citizen of the same state as any of the defendants.  Thus, while Smith's removal notice failed to "establish" complete diversity, the record does not show that complete diversity does not "exist[]."  Artjen Complexus, 561 F.3d at 1297 (quotation omitted).  As a result, Smith must be allowed "to cure the omission" by amending her notice.  Id. (quotation omitted).

Second, we cannot affirm the District Court's remand order on the ground that Smith failed to show an amount in controversy above $75,000.  To determine whether a defendant has met the amount-in-controversy requirement, we first look to the complaint filed in state court to see whether it sets out the amount in controversy.  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  If an amount is not included, we then look to the notice of removal or "review the record to find evidence that diversity jurisdiction exists."  Id. at 1319–20.  Here, Smith did not attach U.S. Bank's complaint to her notice of removal.  Neither did her removal notice include an amount in controversy.  But she did attach the state-court docket, which says that the foreclosure action is on a house worth over

---

[1] U.S. Bank also argues that Smith's failure to get consent from her codefendants to remove the case is another flaw in her notice of removal, but it admits the consent requirement is procedural.  See Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1043–44 (11th Cir. 2001).

$250,000.  Because we measure the amount in controversy "by the value of the object of the litigation," Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 218 (11th Cir. 1997) (quotation omitted), the record shows that the amount in controversy is more than $75,000.  Thus, we cannot affirm the district court's remand on the ground that Smith failed to satisfy the amount-in-controversy requirement.[2]

 **REVERSED AND REMANDED.**

---

[2] Because we reverse the district court's ruling on diversity jurisdiction, we need not address Smith's claim of federal-question jurisdiction.