[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15457
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00035-LMM

PATRICK F. DYE, JR.,
SPORTSTRUST ADVISORS, LLC,

                                                    Plaintiffs-Appellees,

versus

JIMMY SEXTON,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 15, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES, and JILL PRYOR, Circuit
Judges.

PER CURIAM:

Pat Dye, Jr., is the chief executive officer and an equity member of the sports agency SportsTrust Advisors, LLC.  Dye and SportsTrust filed a complaint in state court asserting several state law claims against Jimmy Sexton.  Sexton was Dye's longtime rival in the sports agent business, then his partner at SportsTrust, and is now once again his rival in the sports agent business.

Sexton filed a timely notice of removal on the basis of diversity jurisdiction. See 28 U.S.C. § 1446(b)(1) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . .").  He alleged that he was a Tennessee citizen, that Dye was a Georgia citizen, and that although SportsTrust was a "corporation originally organized under the laws of the State of Tennessee with no principal place of business," it was no longer in operation and was named as a party only "to defeat diversity jurisdiction."  As a result, he asserted, there was complete diversity between the actual parties:  Dye and Sexton.  Even though Sexton's notice of removal alleged that SportsTrust was a corporation, he attached to that notice a document printed from the Tennessee Secretary of State's website which showed that SportsTrust was an LLC, not a corporation, that its status was "Inactive – Revoked," and that it had only one member.

Over four months later the plaintiffs, Dye and SportsTrust, moved to remand the case for lack of subject matter jurisdiction, arguing that SportsTrust had the

2

capacity to sue and had "actionable claims against Sexton."  They admitted that SportsTrust was a limited liability company and that for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen."  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  They asserted, however, that Sexton had not withdrawn as a member of SportsTrust, and as a result, complete diversity did not exist because Sexton and SportsTrust were both citizens of Tennessee.[1]

A week later Sexton filed an amended notice of removal, alleging that SportsTrust was an LLC and that its only member was Dye, a Georgia citizen.  He attached the same document that he had attached to his original notice of removal, along with a copy of a filing from the Tennessee Secretary of State's Division of Business Services confirming that SportsTrust was an inactive LLC with only one member.  As a result, Sexton asserted that diversity jurisdiction did exist because Dye and SportsTrust were completely diverse from him.

The district court granted the plaintiffs' motion to remand.  It stated that Sexton's notice of removal "[did] not properly establish SportsTrust's citizenship" because it alleged that SportsTrust was a corporation with no principal place of

---

[1] That argument conflicts with the allegations in the plaintiffs' complaint, which state, among other things, that Dye "is a member" of SportsTrust and that Sexton "was a member" of SportsTrust.

3

business, instead of alleging that it was a limited liability company and providing the "citizenship of [its] members."  It refused to consider Sexton's amended notice of removal, reasoning that it "add[ed] new allegations of a separate jurisdictional basis" instead of "merely clarif[ying] a preexisting jurisdictional allegation."  Because those "new allegations of citizenship . . . were untimely," that is, they were added after 28 U.S.C. § 1446's thirty-day window to remove, the district court concluded that it could not consider them in assessing SportsTrust's citizenship.

Sexton appeals.  He contends that, because the district court's remand was based on a procedural defect and its order was entered more than thirty days after he filed his original notice of removal, the court lacked authority to remand the case.  He also contends that the district court erred by refusing to consider his amended notice of removal in granting the plaintiffs' motion to remand.

We review de novo questions of subject matter jurisdiction and statutory interpretation.  Lindley v. FDIC, 773 F.3d 1043, 1050 (11th Cir. 2013).  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."  28 U.S.C. § 1447(c).  District courts are also "bound by th[at] thirty-day limit," meaning that they can sua sponte remand a case based on a procedural defect only if they do so within 30 days after the filing of the notice of removal.  In

4

re Bethesda Mem'l Hosp., Inc., 123 F.3d 1407, 1410–11 (11th Cir. 1997); see id. at 1411 ("The court acted outside of its statutory authority by remanding for a procedural defect after thirty days of the notice of removal."). We have jurisdiction to review "an order remanding [a case] on procedural grounds either upon an untimely motion or untimely sua sponte order," but we do not have jurisdiction to review an order remanding a case for lack of subject matter jurisdiction. Id. at 1409–10.

The district court stated that it was granting the plaintiffs' motion to remand for lack of subject matter jurisdiction because Sexton failed to allege that SportsTrust was a limited liability company and to provide the citizenship of its member or members. But as this Court has held, even where a district court purportedly remands a case "on a perceived lack of subject matter jurisdiction," "the failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect." Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) (quotation marks omitted). Under that holding, Sexton's failure to establish SportsTrust's citizenship is a procedural defect, not a jurisdictional one. See id. And because the remand was on procedural grounds and the remand order was entered more than 30 days after the notice of removal was filed, see 28 U.S.C. § 1447(c), we

5

have subject matter jurisdiction to review that order.  See Bethesda Mem'l Hosp., 123 F.3d at 1410–11.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  In our Artjen decision, this Court held that "[i]f a party fails to specifically allege citizenship in [its] notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653."  561 F.3d at 1297 (quoting D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145, 146–47 (5th Cir. 1979)).  We explained that "where subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653, we can surmise no valid reason for the court to decline the exercise of jurisdiction."  Id. (quoting In re Allstate Ins. Co., 8 F.3d 219, 223 (5th Cir. 1993)).  Because "the district court erred by remanding th[e] case on jurisdictional grounds when faced solely with a procedural defect in the removal process," we directed the district court to give the defendants leave to amend their notice of removal under 28 U.S.C. § 1653.  Id. at 1298; see also Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980) (noting that 28 U.S.C. § 1653 "should be construed liberally").

The same result is warranted here.  The allegations in Sexton's amended notice of removal cure his defective allegation that SportsTrust was an inactive corporation, and the record evidence demonstrates that diversity jurisdiction does

6

exist.  The parties agree that Sexton is a Tennessee citizen, that Dye is a Georgia citizen, and that SportsTrust is a limited liability company.  Sexton has alleged that Dye is the only member of SportsTrust, and he has supported that allegation with a document from the Tennessee Secretary of State's office confirming that SportsTrust has only one member.  Despite the plaintiffs' later argument that Sexton has not actually withdrawn from SportsTrust, their complaint acknowledges that Dye "is a member" (emphasis added) of SportsTrust and that Sexton "was a member" (emphasis added) of SportsTrust, and the document Sexton filed with his amended notice of removal shows that SportsTrust now has only one member.  As a result, the district court should have permitted Sexton to amend his notice of removal to cure his defective allegation of citizenship, and it should have considered his amended notice of removal in ruling on the plaintiffs' motion to remand.  See Artjen, 561 F.3d at 1298.

We **REVERSE** the district court's order and **REMAND** the case to the district court with instructions to permit Sexton leave to amend his notice of removal, pursuant to 28 U.S.C. § 1653.

**REVERSED AND REMANDED.**

7