**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10569

Non-Argument Calendar

_____

WELLS FARGO BANK N.A.,

   As Trustee for Banc of America Funding Corporation Mortgage
   Pass-Through Certificates, Series 2007-5,

*Plaintiff-Appellee,*

*versus*

12757 INVESTMENTGROUP LLC, et al,

*Defendants,*

CLIFFTON L. SNEED,

   a.k.a. Clifton Sneed,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cv-60163-RS

_____

Before ROSENBAUM, NEWSOM, and BRASHER, Circuit Judges.

2                    Opinion of the Court                    25-10569

PER CURIAM:

This appeal arises from a state-court lawsuit filed by Appellee Wells Fargo Bank N.A. against Appellant Cliffton Sneed and other defendants. Sneed removed the action to federal court based on diversity jurisdiction, *see* 28 U.S.C. § 1332(a), but failed to sufficiently allege the parties' citizenship in the notice of removal. As a result, the district court sua sponte ordered Sneed to correct the deficiencies in an amended notice of removal.

When Sneed missed the initial, tight deadline to amend the notice of removal, the district court remanded the case to state court for lack of jurisdiction and failure to comply with a court order. But the court later granted Sneed's motion for reconsideration and gave him an additional month to file the amended notice. Despite that additional opportunity to establish citizenship, Sneed again missed the deadline, so the court again remanded the action for lack of jurisdiction and failure to comply with a court order. Sneed timely moved for reconsideration and submitted an amended notice of removal, but the court denied the motion, explaining that Sneed had been "given multiple opportunities to cure his pleadings and failed to do so." The court further noted that the amended notice still failed to establish the citizenship of the defendants. Sneed now appeals.

We review de novo questions of federal subject-matter jurisdiction, *Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 (11th Cir. 2005), and of statutory interpretation, *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009).

By statute, we lack jurisdiction to review "a remand order based on subject matter jurisdiction." *Corporate Mgmt. Advisors*, 561 F.3d at 1296; *see* 28 U.S.C. § 1447(d). But we can still "review whether the district court exceeded its authority . . . by remanding this case because of a perceived procedural defect in the removal process." *Corporate Mgmt. Advisors*, 561 F.3d at 1296.

"Because this case was originally filed in state court and removed to federal court by [Sneed], [Sneed] bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "[W]hen federal jurisdiction is invoked based upon diversity," the relevant pleading "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). A conclusory allegation in the notice of removal that diversity requirements are satisfied, "without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319.

Nonetheless, "the failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect." *Corporate Mgmt. Advisors*, 561 F.3d at 1296 (quotation marks omitted). That distinction is important. If a district court lacks subject-matter jurisdiction, it "may remand a case *sua sponte* . . . at any time." *Id.*; *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). But

§ 1447(c) "does not authorize *any sua sponte* remand order not based on subject matter jurisdiction." *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001). So "[i]f a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party to cure the omission." *Corporate Mgmt. Advisors*, 561 F.3d at 1297–98 (quotation marks omitted); *see* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Sneed argues that we have jurisdiction to review whether the district court exceeded its authority by remanding the case sua sponte based on procedural defects, rather than subject-matter jurisdiction, and that the court relied solely on procedural defects to remand the case sua sponte.

We agree that we have jurisdiction over this issue, *see Corporate Mgmt. Advisors*, 561 F.3d at 1296, but we conclude that the district court did not exceed its authority by issuing the second and final sua sponte remand order. Even assuming the first remand order was based solely on procedural pleading defects, the court corrected any error by granting Sneed's motion for reconsideration and allowing him to "cure the omission." *Id.* at 1297. The court gave Sneed an additional month to establish the parties' citizenship. Despite that opportunity, Sneed failed to come forward with any allegations or evidence showing "the citizenship of each party, so that the court [wa]s satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at

1268. The district court then issued an order remanding the case *"for lack of jurisdiction,"* in addition to "the failure to comply with court order."

We conclude that the district court's second remand order was what it said it was: a jurisdictional ruling. The court said it was remanding not only for procedural reasons but also for "lack of jurisdiction" related to Sneed's failure to establish complete diversity of the parties. That ruling came after Sneed was permitted an opportunity to amend his jurisdictional allegations. *See Corporate Mgmt. Advisors*, 561 F.3d at 1297. And Sneed makes no specific claim that the court's grant of leave to amend was unreasonable or inadequate in some way. Nor has he identified the parties' citizenship on appeal or otherwise pointed to any evidence in the record suggesting that the parties were diverse. Because Sneed, as the removing party, bore the "burden of proving that federal jurisdiction exists," *Williams*, 269 F.3d at 1319, the district court did not exceed its authority by remanding the case sua sponte after Sneed received a fair opportunity to establish diversity but failed to do so. And we are otherwise barred from reviewing "a remand order based on subject matter jurisdiction." *Corporate Mgmt. Advisors*, 561 F.3d at 1296.

**AFFIRMED.**