**Jerry CASTELLE, Plaintiff–Appellant,**

v.

**The State of NEW YORK, Ralph P. Franco, Judge, Warren Susman, Attorney, Frank Evangelista, Defendants–Appellees.**

Docket No. 02–7063.

United States Court of Appeals, Second Circuit.

July 3, 2002.

Jerry Castelle, pro se, Old Bethpage, NY, for Plaintiff–Appellant.

Thomas B. Litsky, Assistant Solicitor General (Deon J. Nossel, Assistant Solicitor General, on the brief), for Eliot Spitzer, Attorney General of the State of New York, New York, NY, for Amicus Curiae The State of New York.

Present CALABRESI, SACK and B.D. PARKER, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant Jerry Castelle ("Castelle") appeals from an order of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*) *sua sponte* dismissing his complaint as frivolous and for lack of subject matter jurisdiction.

In October 1997, Castelle entered into a contract with Defendant–Appellee Frank Evangelista ("Evangelista") to build three houses on Evangelista's property in South Hempstead, New York, and to sell the homes jointly for a profit. After Evangelista sold one of the homes in July 1999, Castelle claimed that Evangelista fraudulently converted the proceeds from the sale. Castelle filed two Notices of Pendency and Mechanic's Liens on the remaining properties.

Plaintiff's first attempt to foreclose on the liens in state court was dismissed without prejudice. Castelle thereafter commenced a second action in state court to foreclose on the liens, and eventually filed a Chapter 13 petition for bankruptcy. While plaintiff's bankruptcy proceedings were pending, the New York Supreme Court vacated the liens after Castelle failed to appear at a court-ordered deposition.

Castelle then initiated an adversary proceeding in the United States Bankruptcy Court for the Eastern District of New York, claiming that the New York Supreme Court, in vacating the liens, had violated the automatic stay provisions of 11 U.S.C. § 362. The Bankruptcy Court dismissed Castelle's adversary proceeding without prejudice, citing the bar posed by *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (the *"Rooker–Feldman"* doctrine).

Castelle appealed the Bankruptcy Court's determination to the United States District Court for the Eastern District of New York. In connection with his appeal, Castelle sought a temporary restraining order ("TRO") enjoining Evangelista from engaging in any transactions that involved property interests that Castelle alleged were part of his bankruptcy estate. In a memorandum in support of his proposed order to show cause, Castelle contended, moreover, that his application may be "construed as asserting claims pursuant to 42 U.S.C. §§ 1983 and 1985."

The district court, in October 2000, denied Castelle's application for a TRO on the ground that it lacked subject matter jurisdiction. The court noted that the *Rooker–Feldman* doctrine precluded it from modifying or overturning the state court's decision.[1] The district court also dismissed without prejudice, on similar grounds, Castelle's civil rights claims.

In November 2001, Castelle filed *pro se* a complaint in the district court naming as defendants, in addition to Evangelista, Justice Ralph P. Franco (the New York Supreme Court Justice who had vacated the liens) and Warren Susman (Evangelista's attorney). The complaint alleged, *inter alia*, (1) that Susman had acted unethically in opposing the application of the automatic stay, (2) that Justice Franco had abused his discretion in denying the automatic stay, (3) that the state court and Warren Susman had knowingly and fraudulently conspired to apply the provisions of ·the Bankruptcy Code against Castelle, (4) that Castelle was denied equal protection of the law when Susman discriminated

---

1. Because the district court found that Castelle had failed to demonstrate that the court had subject matter jurisdiction over his claims, the court declined to reach the merits of whether Castelle had satisfied his burden in order to obtain the TRO.

against him because of his *pro se* status, (5) that Castelle was deprived of procedural due process when his property was taken without an opportunity to be heard, and (6) that Justice Franco and Susman knowingly and fraudulently embezzled Castelle's property and, therefore, were not entitled to sovereign or judicial immunity. Plaintiff sought the same injunctive relief that the district court had previously denied, as well as monetary damages.

In an order entered on December 14, 2001, the district court denied Castelle's request for an order to show cause why a TRO should not issue and dismissed Castelle's complaint pursuant to *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (per curiam) (holding that a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee). This Court has not yet ruled as to the standard of review that applies to the *sua sponte* dismissal of a fee-paid claim, such as the one at issue here. *See id.* at 364 n. 2. Whether reviewed for an abuse of discretion or under the more stringent *de novo* standard, however, we conclude that the district court properly dismissed Castelle's complaint for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine.

We agree with the district court's conclusion that, as a result of the *Rooker–Feldman* doctrine, the court lacked jurisdiction to invalidate or otherwise to review the New York Supreme Court's decision vacating the liens. Under that doctrine, the "lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments." *Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir. 2002); *see also Hachamovitch v. DeBuono,* 159 F.3d 687, 693 (2d Cir.1998) (same). The doctrine covers both matters directly decided in the state court and matters "inextricably intertwined" with the determinations of the state court. *Kropelnicki,* 290 F.3d at 128; *see Feldman,* 460 U.S. at 482 n. 16. Were the district court to impose a TRO, such a decision would necessarily modify the state court's decision vacating plaintiff's liens; it is therefore barred by *Rooker–Feldman.*

The district court, after reading the *pro se* plaintiff's pleadings liberally, also properly determined that Castelle had failed to state a claim under either 42 U.S.C. § 1983 or § 1985. Plaintiff bases his civil rights claims on his disagreement with Susman and Justice Franco regarding the appropriate interpretation of the automatic stay provision of the Bankruptcy Code. As the district court rightly stated, "[s]uch disagreement is the proper basis of an appeal, not a civil rights claim."

Having reviewed all of plaintiff's claims and having found them to be without merit, we AFFIRM substantially for the reasons stated in the district court's thoughtful opinion.