[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10629
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 30, 2005
THOMAS  K. KAHN
CLERK

D. C. Docket No. 02-00172-CV-RWS-2

JUSTICE COMETH, LTD., as trustee, et al.,

Plaintiffs-
Counter-Defendants,

CHERYL B. LAMKINS,

Plaintiff-Counter-
Defendant- Appellant,

versus

JAMES V. LAMBERT, WYLENE LAMBERT,
MARTIN KROLL, THOMAS OPRANDI,
CLIFFORD S. LANCEY,
WILLIAM HERBERT NEAL,
HARRY B. WHITE, et al.,

Defendants-Appellees,

DAVID WATKINS, et al.,

Defendants-
Counter-Claimants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(September 30, 2005)**

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Cheryl B. Lamkins appeals the district court's order dismissing, for lack of subject matter jurisdiction, her claim against Clifford Lancey, David Watkins, Eddie Watkins and Watkins Lumber & Supply Co. ("Lancey Group"), pursuant to 11 U.S.C. § 362(h), for damages caused by their violation of the automatic stay in her bankruptcy proceeding.[1]  She argues that both 28 U.S.C. §§ 1331 and 1334 provide the district court jurisdiction over her claim.  We review questions of subject matter jurisdiction de novo.  See Milan Express, Inc. v. Averitt Express, Inc., 208 F.3d 975, 978 (11th Cir. 2000).

The filing of a bankruptcy petition pursuant to Title 11 operates to

---

[1] According to her complaint, Lamkins filed a Chapter 13 bankruptcy proceeding on June 4, 2002.  She alleges that the Lancey Group was served notice of the automatic stay that same day, and violated the stay by selling real property subject to the stay to itself at a foreclosure sale that it conducted on that same day.  Subsequently, Lancey Group demanded a payment of $31,000 and a release of claims against the individuals and corporations involved, in exchange for returning the property to Lamkins.  Lamkins paid the sum and executed the release.  Lamkins' bankruptcy case was subsequently dismissed, before she filed the present action.  However, her claim arises from acts alleged to have occurred while the automatic stay was in place.

automatically stay creditors from pursuing certain specified collection actions against the debtor or estate.  See 11 U.S.C. § 362(a).  An individual who is injured by a willful violation of the stay may recover damages.  See 11 U.S.C. § 362(h) ("An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.").

District courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. Further, the district courts have original jurisdiction over all cases under Title 11, as explicitly stated by  28 U.S.C. § 1334:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
> . . .

Unquestionably, the district courts may "provide that any or all cases under title 11 and any or all proceedings arising under title 11" be referred to the bankruptcy court for that district.  28 U.S.C. § 157(a).  However, the explicit § 1334 grant of original jurisdiction over Title 11 cases clearly forecloses a conclusion that the district court lacked subject matter jurisdiction over this case.

3

See Price v. Rochford, 947 F2d 829, 832 n.1 (7th Cir. 1991).[2] We therefore

REVERSE the district court's order dismissing Lamkins' claim for lack of subject

matter jurisdiction and REMAND for further proceedings in accordance with this

opinion.

**REVERSED AND REMANDED.**

---

[2] We acknowledge that the Second Circuit has held to the contrary. See Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank, 236 F.3d 117 (2d Cir. 2001) (holding that § 362(h) claim "must be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases"). However, Eastern Equipment makes no mention of the grant of original jurisdiction in 28 U.S.C. § 1334, and provides no explanation as to why § 1334 would not apply. Because we find that statutory provision controlling, we consider the Seventh Circuit's Price decision more persuasive, and join in finding that the district courts have subject matter jurisdiction to adjudicate § 362(h) claims.