[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 31, 2006
THOMAS K. KAHN
CLERK

-------------------------------------------
No. 05-12842
Non-Argument Calendar
-------------------------------------------

D.C. Docket  No. 04-20227-CV-JAL

MORRIS J. MAYS,

                                        Plaintiff-Appellant,

                   versus

CHASE MANHATTAN MORTGAGE CORPORATION,
as servicing agent for Citibank, N.A. as Trustee a foreign
profit corporation doing business in Florida,
CITIBANK, N.A.,
as trustee (a foreign profit corporation doing business in Florida),
ZC STERLING INSURANCE AGENCY, INC.,
a foreign corporation doing business in Florida,
EMPIRE INDEMNITY INSURANCE COMPANY,
a foreign corporation doing business in Florida,

                                        Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(May 31, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Morris J. Mays appeals pro se the district court's order granting the motions to dismiss his amended complaint, which asserted claims related to bankruptcy and insurance fraud based on the alleged improper handling by Defendants (Chase Manhattan Mortgage Corp., Citibank, N.A., ZC Sterling Insurance Agency, Inc., and Empire Indemnity Insurance Co.) of an insurance claim on his dwelling, which sustained tornado damage while Mays was a debtor in bankruptcy proceedings. No reversible error has been shown; we affirm.

We first review, de novo, the district court's dismissal for lack of subject matter jurisdiction. See Justice Cometh, Ltd. v. Lambert, 426 F.3d 1342, 1343 (11th Cir. 2005). The district court observed that Mays's amended complaint alleged that the events forming the basis of his causes of action occurred during the course of his bankruptcy proceedings. The district court also cited the local district court rules, which referred to the bankruptcy court all cases arising under Title 11 of the U.S. Code. See S.D. Fla. L.R. 87.2. The district court noted that this Court had not decided the issue of whether a district court has subject matter jurisdiction over a complaint, filed in district court, but arising out of a bankruptcy proceeding and referred by local rule to bankruptcy court. Relying on Eastern

2

Equip. & Servs. Corp. v. Factory Point Nat'l Bank, 236 F.3d 117 (2d Cir. 2001), the district court reasoned that it lacked jurisdiction over matters arising from the bankruptcy proceedings because the bankruptcy court had exclusive jurisdiction over those matters.

After the district court made its determination about subject matter jurisdiction, this Court decided Justice Cometh, which disagreed with Eastern Equip. and wrote that, although district courts may refer and all Title 11 proceedings to bankruptcy court, district courts have original (but not exclusive) jurisdiction over all claims arising under Title 11, pursuant to 28 U.S.C. § 1334. See Justice Cometh, 426 F.3d at 1343 & n.2. Thus, the district court's dismissal of Mays's complaint for lack of subject matter jurisdiction was in error.

The district court, however, presented an alternate basis for dismissal: Mays's complaint failed to state a claim on which relief could be granted. The district court made specific determinations on why, for each count listed in Mays's complaint, Mays had failed to state a claim. But Mays does not address the propriety of the dismissal on this alternate ground. Instead, Mays directs most of the argument in his appellate brief to whether the district court should have allowed him to complete jurisdictional discovery before dismissing the complaint for lack of subject matter jurisdiction. Mays mentions that the doctrine of res

3

judicata should not bar his action. The district court, however, did not rely on res judicata in analyzing whether Mays had stated a claim.

In other words, Mays has failed to present argument about the district court's dismissal for failure to state a claim. Even though we are mindful of the liberal construction we afford to pro se pleadings, Mays has abandoned a challenge to the district court's dismissal for failure to state a claim. See Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001) (stating that issues that are not briefed on appeal are considered abandoned); Irwin v. Hawk, 40 F.3d 347 & n.1 (11th Cir. 1994) (noting that pro se litigant abandons issue by not challenging it on appeal).[*]

AFFIRMED.

---

[*]We, nonetheless, discern no error in the district court's determination that Mays had failed to state a claim in his amended complaint.

4