15-214-cv
Wenegieme v. Wells Fargo Home Mortgage

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

PRESENT:
>ROSEMARY S. POOLER,
>RICHARD C. WESLEY,
>>*Circuit Judges,*
>JANET C. HALL,*
>>*Chief Judge.*

_____

Celestine Wenegieme,

>*Plaintiff-Appellant*,

>v.                                                     15-214-cv

Wells Fargo Home Mortgage, et al.,

>*Defendants-Appellees*.

_____

FOR PLAINTIFF -APPELLANT:           Celestine Wenegieme, pro se, Bronx, New York.

FOR DEFENDANTS -APPELLEES:          Jason M. Myers, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, New York, *for* defendants-appellees Alba Law Group, Thomas P. Dore, and Mark Devan.

_____

* Judge Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

Christian Fletcher (Lisa J. Fried, Michael T. Snyder *on the brief*), Hogan Lovells US LLP, New York, New York, *for* defendant-appellee Wells Fargo Home Mortgage.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Celestine Wenegieme, proceeding pro se, appeals the district court's judgment dismissing his complaint for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. Wenegieme sued Wells Fargo Home Mortgage and attorneys involved in the foreclosure sale of property that he and his sister owned in Maryland. He alleged that the sale was unlawful because his sister had filed for bankruptcy and the sale violated the automatic stay. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a dismissal pursuant to the *Rooker-Feldman* doctrine. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). Under this doctrine, lower federal courts lack subject-matter jurisdiction over claims that effectively challenge state court judgments. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The doctrine applies when: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Hoblock*, 422 F.3d at 85.

The district court held that all four requirements were met, and therefore that it did not have subject matter jurisdiction over Wenegieme's claim. In his brief on appeal, Wenegieme does not contest any of these elements, and he has therefore waived any challenge to the district court's ruling on this issue. *See, e.g.*, *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (holding that, where a pro se appellant "[did] not mention the substance" of the district court's ruling with respect to one defendant, he "waived any challenge to this aspect of the [d]istrict [c]ourt's judgment" "notwithstanding the latitude we traditionally afford *pro se* litigants"); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (holding that although "appellate courts generally do not hold *pro se* litigants rigidly to the formal briefing standards set forth in Fed. R. App. P. 28 . . . we need not manufacture claims of error for an appellant proceeding *pro se*"). Wenegieme argues only that the district court had jurisdiction because the complaint involved a bankruptcy matter. However, Wenegieme did not file a bankruptcy petition; his complaint invoked the court's diversity jurisdiction and challenged the state foreclosure action. He contends that the foreclosure sale violated the automatic stay, but this does not present a basis for federal court jurisdiction under these circumstances.

2

We have considered all of Wenegieme's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk