[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13358
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-20389-FAM,
Bkcy No. 12-bkc-22368-LMI

In re:

      GARY A. FERGUSON,

                                  Debtor.

_____

DAVID BEEM,

                                  Plaintiff - Appellant,

versus

GARY A. FERGUSON,

                                  Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 30, 2017)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Creditor David Beem appeals the district court's dismissal of his bankruptcy appeal and its order denying his motion for rehearing requesting reconsideration of the same.  His appeal to the district court challenged several bankruptcy court orders:  its order confirming debtor Gary Ferguson's Chapter 11 plan of reorganization; its order granting Ferguson's motions to strike Beem's ballot purporting to vote against the Plan and to deny his objections to the Plan as untimely; and two of Beem's motions to reconsider the same.  Ferguson moved for this Court to dismiss Beem's appeal for lack of jurisdiction, and we granted the motion in part and carried the motion with the case in part.  Beem devotes most of his attention to errors allegedly committed by the bankruptcy court, but also assigns error to the district court's decision to dismiss his appeal.  After review,[1] we affirm.

## I. FACTUAL BACKGROUND

In May 2012, Ferguson filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code.  After over two years of litigation, on July 18, 2014, Ferguson submitted a second amended plan of reorganization (the Plan).

---

[1] We consider questions of subject matter jurisdiction *de novo*, *Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 (11th Cir. 2005), and we review a district court's decision to dismiss a case for failure to comply with an order of the court for an abuse of discretion, *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1122 (11th Cir. 2017).

The court scheduled a confirmation hearing for September 15, 2014 and ordered that the deadline for objecting to the plan would be September 1, 2014.  On September 2, one day after the deadline, Beem, a creditor asserting a claim of approximately $385,000 against the bankruptcy estate, field an objection to the proposed Plan.  He also submitted a ballot rejecting the Plan.  Ferguson moved to strike the objection and the ballot, contending the objection was untimely, and asserting Beem was not entitled to vote on the Plan because he did not have an "allowed claim."  Ferguson noted that as a result, Beem was never served with a ballot.  Instead, Ferguson argued, Beem, having been notified that he was not entitled to a vote, enlisted Jeffrey Norkin, an attorney suspended from the practice of law, to fraudulently "concoct[ ] his own purported ballot."  The bankruptcy court granted Ferguson's motion and struck the ballot and the objection.  The next day, it issued an order confirming the Plan.

Beem moved to vacate, rehear, reconsider, or supplement the Plan and for a stay to prevent the enactment of the Plan until the court had resolved the motion.  Two days later, he filed a similar motion for reconsideration of the order striking his ballot.  The bankruptcy court denied both motions.

On November 21, 2014, Beem appealed the orders striking his ballot and approving the plan and the orders denying reconsideration to the district court.  Beem filed his initial brief and appendix on February 24, 2015.  Ferguson moved

3

to strike Beem's brief, arguing the brief was impermissibly excessive, that the appeal was untimely as to the ballot strike and ballot reconsideration orders, and that Beem had once again availed himself of the services of Norkin, the suspended attorney. The district court granted the motion. It stated that Beem's own pleading indicated Norkin "prepared the brief, [after which] he gave it to Appellant to file it *pro se*." The court stated it would "not allow Mr. Norkin to circumvent the Florida Bar and this Court's orders of suspension by doing the work and having his clients file pleadings *pro se*." It struck the brief and ordered Beem to "file an initial brief consistent with this Order by no later than April 8, 2015," and noted that "[f]ailure to do so may result in the Court dismissing the appeal." Beem filed a new initial brief but did not do so until April 9. Ferguson moved to dismiss the brief once again, asserting that Beem missed the deadline to file and that the brief still bore evidence of Norkin's work. Beem had not opposed the motion when his time for doing so had expired, so the district court dismissed the appeal by default. Beem moved for reconsideration, but the district court denied his motion. Beem appealed to this Court the district court's dismissal of his appeal and its denial of his motion for reconsideration. He also appealed the orders of the bankruptcy court that were the subject of his appeal to the district court.

After Beem filed his initial brief, Ferguson moved to dismiss the appeal for lack of jurisdiction. The motion was granted in part and carried with the case in part.[2]

## II. DISCUSSION

### A. *Jurisdiction*

Before proceeding to the merits of the appeal, we must address subject matter jurisdiction. To that end, in this case, we are principally concerned with mootness. Ferguson filed a motion to dismiss this appeal in this Court in which he contends the order confirming the Plan is equitably moot because it has already been substantially consummated, and so we cannot grant effective relief. He argues the appeal is constitutionally moot for the same reasons. Beem responds that the Plan is not substantially consummated and that in any event he will recover a larger portion of his judgment if the Plan is unwound.

"Equitable mootness is a discretionary doctrine that permits courts sitting in bankruptcy appeals to dismiss challenges (typically to confirmation plans) when effective relief would be impossible." *In re Bayou Shores SNF, LLC*, 828 F.3d 1297, 1328 (11th Cir. 2016). It "reflects a court's concern for striking the proper balance of equitable considerations of finality and good faith reliance on a

---

[2] In addition to the orders set forth above, Beem listed two bankruptcy court orders issued during the pendency of his appeal to the district court. We dismissed those appeals for lack of jurisdiction because they were neither appealed to the district court nor certified for direct review.

judgment and the competing interests that would underlie the right of a party to seek review of a bankruptcy court order adversely affecting him." *In re Club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992).  In determining whether to apply the doctrine of equitable mootness, a court considers a variety of concerns affecting the balance of equities, including whether a stay pending appeal has been obtained and if not, why not; whether the plan has been "substantially consummated;" what type of relief is sought; and what the effect of granting such relief would be.  *Id.* at 1069 n.11.

Though Ferguson urges us to do so, we will not undertake such an analysis here because the doctrine is discretionary and does not divest us of jurisdiction. *See In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 144 (2d Cir. 2005) ("Equitable mootness is a prudential doctrine that is invoked to avoid disturbing a reorganization plan once implemented." (citing *In re UNR Indus.,* 20 F.3d 766, 769 (7th Cir.1994) ("There is a big difference between *inability* to alter the outcome (real mootness) and *unwillingness* to alter the outcome ('equitable mootness')."))); *see also In re Cont'l Airlines*, 91 F.3d 553, 571 (3d Cir. 1996) (en banc) (Alito, J., dissenting) ("[Equitable mootness] does not present a jurisdictional question; we are not required to consider it before proceeding to the merits . . . .").  The Fourth Circuit succinctly captured the distinction between equitable and constitutional mootness as follows:

> Unlike the constitutional doctrine of mootness, which bars consideration of appeals because no Article III case or controversy remains, the doctrine of *equitable* mootness is a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable.

*Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002). Equitable mootness "bears only upon the proper remedy, and does not raise a threshold question of our power to rule." *In re Metromedia*, 416 F.3d at 144.

Constitutional mootness, on the other hand, "derives directly from the case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Fla. Pub. Interest Research Grp. Citizen Lobby, Inc. v. EPA*, 386 F.3d 1070, 1086 (11th Cir. 2004) (quotation omitted). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 132 S. Ct. 2277, 2287 (2012) (quotation and alterations omitted). In general, a case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Cook v. Bennett*, 792 F.3d 1294, 1299 (11th Cir. 2015) (quotation omitted).

Ferguson states that the same grounds on which we should find the case equitably moot also show the case is constitutionally moot; namely, that the Plan

7

has already been substantially consummated and it would be cumbersome to unwind each transaction. Mortgages would have to be modified, liens released, and sums of money returned. To the contrary, however, these facts indicate the case is *not* constitutionally moot. Equitable mootness "seeks to avoid an appellate decision that would knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court." *In re Nica Holdings, Inc.*, 810 F.3d 781, 787 (11th Cir. 2015) (quotation omitted). As is evident, however, the prerequisites for equitable mootness tend to show that there are very real "concrete interest[s] . . . in the outcome of the litigation." *Knox*, 567 U.S. 298, 132 S. Ct. at 2287 (quotation omitted). The very fact that it could be so imprudent to disturb the Plan is a testament to the fact that there is indeed a live controversy; the pragmatic doctrine of equitable mootness exists precisely because the vindication of a party's rights must be balanced against the chaos that could result from rescinding a plan of confirmation in large and complex bankruptcy cases. Such a decision would not constitute a mere "advisory opinion," *Fla. Pub. Interest Research Grp.*, 386 F.3d at 1086; quite the opposite—the effects on the parties are all too real, *In re Pac. Lumber Co.*, 584 F.3d 229, 240 (5th Cir. 2009) ("[E]quitable mootness applies when a judicial ruling might have too much effect on the parties to a confirmed reorganization." (citation omitted)). Beem challenges the confirmation of the Plan;

presumably, if the Plan were unlawful as he claims, a different plan could have resulted in more favorable treatment.  Beem's claims may or may not be valid, but they are not constitutionally moot.

Beem's case was lawfully appealed to the district court and his appeal of the district court's ruling was timely appealed to us.  We thus have jurisdiction to hear the appeal and deny Ferguson's motion to dismiss the appeal for lack of jurisdiction.

*B. District Court's Dismissal*

Beem asserts the district court erred when it dismissed his appeal because it made its decision based on "facts irrelevant to the issues before the court."  He contends he was entitled to use Norkin's services because he did not pay Norkin to prepare his brief.  The district court gave no instructions on how to comply with its order, he complains, and deprived him of access to the courts in ordering him to submit a brief prepared without Norkin's assistance.  He cites no authority for any of these propositions.

The district court did not err in dismissing the appeal.  Beem's contentions are without merit; he simply failed to follow clear court orders given ample opportunity to do so.  In its order striking Beem's initial brief, the district court noted that Beem himself had indicated he used the services of suspended attorney Norkin to prepare the brief, which he then filed pro se.  The court clearly ordered

Beem to file a new initial brief no later than April 8 without Norkin's assistance and notified him that failure to do so could result in dismissal.  Beem did not file until April 9 nor did he file a response to Ferguson's motion to dismiss the appeal. The district court was well within its discretion to dismiss the appeal and deny reconsideration.  *See Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order. (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *Degen v. United States*, 517 U.S. 820, 827 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case."); *see also* S.D. Fla. L.R. 7.1(c) ("[E]ach party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  Failure to do so may be deemed sufficient cause for granting the motion by default.").

## III. CONCLUSION

Because we hold the district court did not err in dismissing Beem's appeal, we do not consider his assignments of error to the bankruptcy court.

**AFFIRMED.**