21-2911-cv
*Inn World Report, Inc. v. MB Fin. Bank NA*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-two.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

_____

Inn World Report, Inc.,
Leonard C. LaBanco,

> > *Plaintiffs-Appellants*,

Thomas Kiely,
Faith Kiely,
John E. Morris,
> > *Plaintiffs*,

> > v.                                                             21-2911-cv

MB Financial Bank NA,
Fifth Third Bank, as successor in interest,

> > *Defendants-Appellees*.

_____

FOR PLAINTIFFS-APPELLANTS:          WAYNE M. GREENWALD, Wayne Greenwald, P.C., New York, NY.

FOR DEFENDANTS-APPELLEES: LILIT ASADOURIAN (Aaron D. Lindstrom and Sarah E. Brown, *on the brief*), Barnes & Thornburg LLP, Los Angeles, CA.

Appeal from the order of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiffs-appellants Inn World Report, Inc. ("Inn World") and Leonard C. LaBanco (collectively, "plaintiffs") appeal from the district court's order, entered on October 25, 2021, granting the motion to dismiss for lack of subject matter jurisdiction brought by defendants-appellees MB Financial Bank NA ("MB Financial Bank") and Fifth Third Bank, as successor in interest (collectively, "defendants").

In 2007, defendants' predecessor in interest provided mortgage financing to 56 Walker, LLC ("56 Walker") for a townhouse located at 56 Walker Street in New York City ("the Property"). Inn World became a tenant of the Property in 2007 pursuant to a lease it entered with 56 Walker. LaBanco entered into a Property Management Agreement with 56 Walker, which provided him with rooming and lodging facilities at the Property as part of his compensation. In 2009, defendants' predecessor in interest commenced state foreclosure proceedings on 56 Walker's mortgage in New York state court. Two years into the foreclosure action, 56 Walker filed for bankruptcy in the Southern District of New York. Consequently, the foreclosure action was automatically stayed. The following year, the bankruptcy court granted MB Financial Bank's motion for relief from the automatic stay, thereby allowing them to continue the foreclosure action. Subsequently, in the foreclosure action, MB Financial Bank moved for summary judgment against all defendants. While this motion was pending, the owner of 56 Walker, Guy Morris, filed a chapter 11 bankruptcy case in the District of Colorado. Morris's bankruptcy petition automatically

2

stayed all proceedings against him and his estate. The Guy Morris bankruptcy estate did not include the Property at issue in the state-court foreclosure action, as the estate held no ownership interest in the Property. In April 2013, the New York state court entered a decision in the foreclosure action granting MB Financial Bank's motion for summary judgment and denying 56 Walker's cross-motion. *MB Fin. Bank, N.A. v. 56 Walker, LLC*, No. 105617/2009, 2013 WL 1774094, at \*5 (N.Y. Sup. Ct. Apr. 22, 2013). The state foreclosure judgment was entered on June 20, 2018.

In March 2019, plaintiffs commenced the instant action in the district court, asserting, under 11 U.S.C. § 362, that defendants' actions in the state foreclosure proceeding violated the automatic stay in Guy Morris's Colorado bankruptcy case and resulted in the loss of their interests in the Property. The district court, relying on *Eastern Equipment and Services Corporation v. Factory Point National Bank, Bennington*, 236 F.3d 117 (2d Cir. 2001) (per curiam), concluded that plaintiffs' claims arose from alleged violations of the automatic bankruptcy stay and, thus, should have been brought in bankruptcy court. Accordingly, the district court dismissed the case for lack of subject matter jurisdiction.

Plaintiffs argue the district court erred in concluding that *Eastern Equipment* required dismissal and, in the alternative, that *Eastern Equipment* has been abrogated by the Supreme Court's intervening decision in *Stern v. Marshall*, 564 U.S. 462 (2011). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

**DISCUSSION**

3

We review *de novo* a district court's legal conclusion as to whether subject matter jurisdiction exists. *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 398 (2d Cir. 2017).

In *Eastern Equipment*, debtors who had filed for personal bankruptcy under Chapter 7 filed a complaint in federal district court to recover damages for creditors' alleged violations of the automatic stay in connection with a state foreclosure action on real property. 236 F.3d at 118–19. The complaint asserted state-law tort claims, as well as a federal claim under 11 U.S.C. § 362(h)—subsequently redesignated as § 362(k)—seeking damages for willful violation of the automatic stay. *See id.* at 119, 121. We held that the federal Bankruptcy Code preempts any state-law claims for a violation of the automatic stay and that, "therefore, state tort claims alleging violations of an automatic stay must be brought in the bankruptcy court itself, and not as a separate action in the district court." *Id.* at 121 (internal quotation marks and citation omitted). Furthermore, we rejected the argument that a federal claim for willful violations of the automatic stay should be treated differently than the state claims from a jurisdictional standpoint, and therefore held that the federal claim also "*must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases." *Id.* (emphasis in original).

In concluding that the district court lacked jurisdiction to address claims related to alleged violations of the automatic stay, our *Eastern Equipment* decision failed to address the contradiction between our holding and the plain language of 28 U.S.C. § 1334(a), which provides that "[e]xcept as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11."[1] Thus, our holding in *Eastern Equipment* has been criticized by many of our sister circuits. *See Potter v. Newkirk*, 802 F. App'x 696, 699–700 (3d Cir. 2020) (per curiam); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 481–82 (4th Cir. 2015);

---

[1] Subsection (b) of Section 1334 provides, in relevant part, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

4

*Price v. Rochford*, 947 F.2d 829, 832 & n.1 (7th Cir. 1991); *Just. Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 & n.2 (11th Cir. 2005) (per curiam). Moreover, while addressing a separate issue of bankruptcy-court authority in *Stern*, the Supreme Court noted that the allocation of statutory authority between district and bankruptcy courts "does not implicate questions of subject matter jurisdiction." 564 U.S. at 480.

Plaintiffs contend that *Stern* necessarily abrogates *Eastern Equipment*'s conclusion that district courts lack subject matter jurisdiction to hear claims relating to alleged violations of the automatic stay. *Cf. Loyal Tire & Auto Ctr., Inc. v. Town of Woodbury*, 445 F.3d 136, 145 (2d Cir. 2006) (explaining that "we may reconsider a prior panel's holding if, *inter alia*, an intervening Supreme Court decision overrules our holding or casts doubt on our controlling precedent"). However, we need not determine whether *Eastern Equipment* applies to the instant case, nor whether *Stern* abrogated *Eastern Equipment*, because we conclude (as defendants argued below) that the district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Cf. United States v. Gandia*, 424 F.3d 255, 265 (2d Cir. 2005) ("We can affirm the district court's order upon any ground that the record demonstrates without limitation to the grounds on which the district court relied." (internal quotation marks and citation omitted)).

As a threshold matter, plaintiffs argue that *Rooker-Feldman* is inapplicable in the context of an automatic bankruptcy stay because state courts cannot interpret the scope of the stay as applied to its proceedings, citing *In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000), for support. We find this argument unpersuasive. *See In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay."); *see also* 3 Collier on Bankruptcy ¶ 362.08 (16th ed. 2022) ("A nonbankruptcy court may determine the applicability of the automatic stay

with respect to litigation pending before it . . . .").[2] Indeed, we have affirmed the dismissals under *Rooker-Feldman* in cases where the plaintiff alleged that state-court foreclosure judgments violated an automatic stay issued by the bankruptcy court. *See*, *e.g.*, *Wenegieme v. Wells Fargo Home Mortg.*, 642 F. App'x 67, 68 (2d Cir. 2016) (summary order) (affirming dismissal of claim that foreclosure judgment of sale violated automatic stay, pursuant to *Rooker-Feldman*); *Castelle v. New York*, 39 F. App'x 665, 667 (2d Cir. 2002) (summary order) (holding that *Rooker-Feldman* required dismissal of claim that state court judgment vacating liens violated the automatic stay). Accordingly, we turn to whether the *Rooker-Feldman* requirements are satisfied in this case. *See generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine provides that federal courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies where: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff seeks district court review and rejection of that judgment; and (4) the state-court judgment was rendered before the

---

[2] We note that a state court's ability to determine whether a proceeding before it is subject to the automatic stay does not deprive a bankruptcy court of its authority under the Bankruptcy Code to interpret the scope of the automatic stay or to address violations of it. *See*, *e.g.*, *In re Chateaugay Corp.*, 920 F.2d 183, 186–87 (2d Cir. 1990) (discussing bankruptcy court's authority to use sanctions or contempt powers to address willful violations of the automatic stay). In fact, the Colorado bankruptcy court, in approving a settlement entered between the trustee for Guy Morris's bankruptcy estate and MB Financial Bank resolving outstanding disputes between them, noted that MB Financial Bank had not violated the automatic stay when it continued to seek relief against non-debtor 56 Walker in the state foreclosure action. *In re Morris*, Case No. 13-11238-TBM, Dkt. No. 326 (Tr. of Hr'g Approving Settlement), at 45:20-24 (Bankr. D. Colo. Apr. 25, 2016).

district court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

We conclude that all four *Rooker-Feldman* requirements are satisfied here. First, plaintiffs concede that they were parties to the state foreclosure action and lost.[3] Second, the injury of which plaintiffs complain was caused by the state foreclosure judgment that they allege violated the automatic stay. Third, granting plaintiffs' requested relief would require a federal court's review and rejection of the state-court judgment. Finally, the state foreclosure judgment was entered on June 20, 2018, prior to the commencement of this federal action in March 2019. Because all four of the *Rooker-Feldman* requirements are met, the district court lacked subject matter jurisdiction to decide this case.

*     *     *

We have considered plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Although plaintiffs suggest on appeal that this was a misstatement in their complaint, that factual concession in their pleading is a judicial admission to which they are bound. *See In re Motors Liquidation Co.*, 957 F.3d 357, 360–61 (2d Cir. 2020) (per curiam); *see also Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003). In any event, regardless of whether or not they were formally named as parties in the state-court foreclosure proceeding, it is uncontroverted that plaintiffs participated in, and lost, their interest in the property through that proceeding. Thus, their involvement in that litigation would be sufficient to consider them a loser in state court for purposes of *Rooker-Feldman*. *Cf. Dorce v. City of New York*, 2 F.4th 82, 102–03 (2d Cir. 2021) (holding that the "mere fact that [p]laintiffs were not named parties to the state action against the property does not abrogate the operation of *Rooker-Feldman*" and that "a property owner who loses his or her interest in the property through an in rem foreclosure proceeding in state court against the property has lost in state court for the purposes of *Rooker-Feldman*").