**HOUSING AUTHORITY OF the CITY OF ATLANTA, GEORGIA, Plaintiff-Appellee,**

v.

**J. Earl MILLWOOD et al., Defendants-Third Party Plaintiffs-Appellants,**

v.

**George ROMNEY, Secretary of Housing and Urban Development, the City of Atlanta, Georgia, Third Party Defendants-Appellees.**

No. 72-2114.

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1973.

Rehearing Denied March 2, 1973.

————◆————

Archer D. Smith, III, Atlanta, Ga., for defendants-third party plaintiffs-appellants.

Jack Watson, C. David Vaughan, Charles L. Weltner, Atlanta, Ga., for Housing Authority.

John W. Stokes, Jr., U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for Romney.

Ralph H. Witt, Henry L. Bowden, Atlanta, Ga., for City of Atlanta.

Before GEWIN, SIMPSON and RONEY, Circuit Judges.

SIMPSON, Circuit Judge:

Prior to March 11, 1971, the Housing Authority of the City of Atlanta, Georgia, (Housing Authority) filed five condemnation petitions in the Superior Court of Fulton County, Georgia (state court) pursuant to the state's general eminent domain provisions, Ga.Code Ann. tit. 36, ch. 11, seeking title to parcels of land in the federally funded Model Cities area belonging to Millwood, et al., initial defendants now appellants-counterclaimants (counterclaimants).[1]

On March 11, 1971, counterclaimants brought an independent action in the court below seeking to enjoin the condemnation proceedings in the state court and to enjoin the Secretary of the U. S. Department of Housing and Urban Development (HUD) from disbursing funds for the clearance of residential properties in the Model Cities area. The grounds asserted for that relief were essentially that the administration of the Model Cities program violated several federal constitutional and statutory provisions. On March 23, 1971, that action was voluntarily dismissed without prejudice by counterclaimants.

On about April 8, 1971, counterclaimants filed answers in the state court proceedings and, additionally, sought injunctive relief via counterclaim making essentially the same allegations with respect to the administration of the Model Cities program as were made in the dismissed federal action. They sought to join in the suit the City of Atlanta and "George Romney in his official capacity as Secretary" of HUD by naming them as "defendants herein". No process was attached to the counterclaim and no motion was made for an order that they be added as parties.

On April 9 the state court ordered that "all Defendants" be served with counterclaimants' answers and allegations and that they show cause why the prayer of the counterclaim should not be granted. Before the show cause hearing date the Secretary on May 11 removed the condemnation actions to the federal district court. On May 25 the Housing Authority moved for the district court to sever the original condemnation actions which it had brought in the state court and remand them to the state court on the grounds that (1) HUD had no standing to remove the case to the federal court in the first place because it was never made a party to the state court proceedings; (2) the allegations raised by counterclaimants regarding the administration of the Model Cities program were separate and independent of the condemnation actions; and (3) in any event the state court was the better forum for the state condemnation cases. On June 1, HUD appeared and answered counterclaimants' first set of interroga-

---

1. The Housing Authority of the City of Atlanta, Georgia v.

| Matthews, et al., | No. B62234 |
| Millwood, et al., | No. B62815 |
| Patterson, et al., | No. B62586 |
| Millwood, et al., | No. B62816 |
| Hudson, et al., | No. B62780 |

tories and on June 14 moved to dismiss the claim against it on the grounds, *inter alia,* that as to it, there was insufficient process and no joinder in the state court.

On September 30, 1971, the court below ordered the case dismissed as to HUD because imperfection of process and service of process as to HUD resulted in HUD's never having been properly made a party to the state court litigation. The court then ordered the case remanded to the state court because the other parties were in federal court solely as a result of removal jurisdiction over HUD.

Having thus decided it lacked jurisdiction (and of course as a result lacked any power to reach the merits) the trial court nonetheless proceeded to the substantive issues raised and decided: (1) counterclaimants here did not fall within any sovereign immunity exception as to HUD mainly because they had failed to exhaust their administrative remedies; (2) the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (P.L. 91–646) was not applicable to counterclaimants because they had not yet been displaced but were only potential condemnees; and (3) the Relocation Act was not applicable to eminent domain proceedings.

Shortly thereafter counterclaimants moved the court for leave to amend their pleadings so that HUD *et al* could be properly served. On February 16, 1972, the court denied that motion and counterclaimants timely took this appeal.

■ The threshold question, of course, is whether HUD was properly brought into the state court litigation. If, as the district court held, HUD was never properly served, it was not a party to the action in the state court. In that case, the district court lacked jurisdiction over the matter and correctly dismissed HUD and remanded the other parties to the state court. In this posture the district court was without authority to decide the substantive issues as it attempted to do. We agree that service on HUD was not effected under applicable Georgia statutes and HUD was hence not a party to the state court action, and affirm the lower court's dismissal and remand. We vacate the district court's attempt to decide the substantive issues.

Counterclaimants argue that HUD was properly made a party to the state court litigation because (1) it was brought into the case by naming "George Romney in his official capacity as Secretary" of HUD as one of the named "defendants" in its counterclaim response made a part of the answer it filed in the Housing Authority's original condemnation actions; (2) Georgia Law, Ga.Code Ann. § 81A–113(h), *infra,* has no provision for attachment of process to a counterclaim and none was attached; (3) the state court's order in response to the counterclaim that "all Defendants" were to be served with a copy of counterclaimants' answer was that court's way of recognizing that HUD had in fact become a party to the case; and (4) moreover and of paramount significance, any deficiencies in jurisdiction over the person of the Secretary were waived by HUD's general appearance to answer counterclaimants' interrogatories while the case was pending before the district court.

It is true that Ga.Code Ann. § 81A–113(h) has no explicit provision that process be issued on a counterclaim even when parties additional to those to the original action are sought to be added:

> "When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in this Title, if jurisdiction of them can be obtained." Ga.Code Ann. § 81A–113(h).

■ Since HUD was not a party to the original condemnation actions, it would be an additional party under the statute. Counterclaimants argue that the state court's reference in its order to "all Defendants" was that court's way of recognizing, and thereby bringing-in,

HUD as a party-defendant to the condemnation actions. That argument is supported by the naming of HUD as a "defendant" in counterclaimants' answer and the possibility that the state court used the word "Defendants" to include all those defined by counterclaimants in their answer. This argument is at best speculative. The meaning of the term "all Defendants" as used in the state court order is unclarified. Absent greater specificity we should not undertake to add parties to state litigation under state law.

Georgia's courts have not construed its statute 81A–113(h) in this respect. Our conclusion is that such a broad interpretation would be unlikely. Rather we think that if the Georgia courts were to rule on the question they would probably analogize § 81A–113(h) to the similar language of F.R.Civ.P. 13(h) as worded before its amendment in 1966[2] and conclude with Professor Moore that:

"Where additional parties should be brought in pursuant to subdivision (h) the counterclaimant or cross-claimant should serve his pleading upon the parties to the action who are affected thereby, file it (or file and then serve it), secure an order from the court that certain named persons be made defendants to the counterclaim or cross-claim, obtain a summons from the clerk directed to such persons, and then proceed to serve the pleading, which contains the counterclaim or cross-claim, and the summons in the manner provided in Rule 4 for service of the complaint and summons." 3 Moore, Federal Practice § 13.39, at 104 (2d ed. 1968)

In Robinson v. Bomar, 122 Ga.App. 564, 177 S.E.2d 815 (Ct.App.1970), the Georgia Court decided that leave of court was a bare requisite when the plaintiff seeks to assert a claim against one who is not already a party to the proceedings and then, citing Professor Moore, said:

"If a motion to add a party is granted, or if the court orders an additional party brought in on its own motion, service of process must be made in the usual way." 122 Ga.App. at 567, 177 S.E.2d at 818, quoting 3A Moore, Federal Practice § 21.05 at 2909.

Indeed, § 81A–113(h) itself, at least facially, indicates as much:

"When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants *as provided in this Title,* if jurisdiction of them can be obtained." (Emphasis added)

Here, the requirements for service of process set forth by Georgia Code Ann. § 81A–104 and § 81A–105,[3] which deal with process and the service thereof, were not even attempted to be met.

Even if we should conclude that the state court intended to treat HUD as a party, counterclaimants are no better off. The fatal flaw remains, the admit-

---

2. Before its 1966 amendment, F.R.Civ.P. 13(h) provided:

"When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

The 1966 amendment made specific reference to the joinder rules of F.R.Civ.P. 19 and 20, which necessitate proper service of process.

3. Ga.Code Ann. § 81A–104 requires, *inter alia,* a summons and complaint be served together and sets out the method by which process is to be effectuated, e. g. "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." Ga.Code Ann. § 81A–105 requires that every pleading subsequent to the original complaint and every written notice, demand, offer of judgment, etc., be served upon *each* of the parties.

Here, no effort whatsoever was made to serve HUD with process so to make it a party and none was made to serve it as a subsequent party to the original action either.

ted failure to serve HUD properly in the state action.

Counterclaimant's final contention is that in spite of deficiencies in the state court proceedings, HUD's general appearance in the district court by answering counterclaimants' interrogatories constituted a waiver of F.R.Civ.P. 12(b) process and service objections. We cannot agree. Under F.R.Civ.P. 12(b) there is no longer any necessity for appearing specially to protest the court's jurisdiction or question the sufficiency of process or service of process. All such objections are assertable in an answer or motion to dismiss pursuant to Rule 12(b), the procedure followed below by HUD. Harrison v. Prather, 5 Cir. 1968, 404 F.2d 267, 272.

We conclude that HUD was not made a party to the suit, a precondition for the district court to have removal jurisdiction under either Title 28, U.S.C., Section 1441 or Section 1442(a)(1). The district court lacked jurisdiction to rule on the substantive issues. Insofar as it attempted to do so, its action was a nullity, and that portion of its order is vacated and set aside.

Affirmed in part; vacated in part.