ROBERT P. SMITH, Jr., J.,
specially concurring:
In Royal and Viator the First District, from which this panel is temporarily transplanted to serve the Fifth, recently gave effect to the common law rule that a party defendant whose counsel files a paper appearance before pleading is subjected to the court’s jurisdiction, and that defendant may not in his first true and timely pleading contest the court’s personal jurisdiction of him. Until the Fifth District is permanently constituted, those decisions govern this case, in which defendants’ counsel filed and served a paper entitled “Notice of Appearance,” reciting:
Please take notice of the appearance of Haas, Boehm, Brown & Kieffer, P. A., on behalf of the Defendants in the above-styled cause.
The rule we perpetuate here is in my opinion of dubious value. The rules of civil procedure know no such thing as a “notice of appearance” and they extract no penalty for the use of it as a convenient way of placing counsel’s name and address on the record to avoid court action on some extraordinary early application by the plaintiff, with notice to defendant personally but not to his counsel, or to guard against an unnoticed default entered upon some later inadvertence by defendant’s counsel. Rule 1.140(b) permits the simultaneous assertion, without waiver, of jurisdictional defenses and defenses on the merits. The similar federal rule has been construed to permit the filing of substantially inconsequential papers such as this “notice of appearance” without waiver of the right to file a timely pleading contesting the court’s jurisdiction of the defendant’s person. Fed.R.Civ.P. 12(b); Grammenos v. Lemos, 457 F.2d 1067 (2d. Cir. 1972); Housing Authority of City of Atlanta v. Millwood, 472 F.2d 268 (5th Cir. 1973); Wright v. Yackley, 459 F.2d 287 (9th Cir. 1972). If we had not so recently and repeatedly enforced the common law rule, I would vote for its assignment to oblivion, in favor of a waiver rule applying only when the defendant, without reserving his jurisdictional objection, takes some action the effect of which is to request relief on the merits. See McKelvey v. McKelvey, 323 So.2d 651 (Fla. 3d DCA 1976); First Wisconsin Nat’l Bank of Milwaukee v. Donian, 343 So.2d 943 (Fla. 2d DCA 1977), cert. den., 355 So.2d 513 (Fla.1978).