[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12550

_____

JAMES H. WILSON, III,

                                                            Plaintiff-Appellant,

*versus*

HEAROS, LLC,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:22-cv-00101-LGW-BWC

_____

Before JILL PRYOR, NEWSOM, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

Despite using Hearos, LLC's earplugs, James Wilson III suffered pain and discomfort in his ears after firing his gun at a shooting range. A doctor diagnosed Wilson as suffering from a significant perceptive hearing loss—a permanent disability. Blaming Hearos's faulty product, Wilson sued the company in state court, alleging various state-tort claims. A non-party to the litigation—Protective Industrial Products, Inc. ("PIP")—removed the case to federal court, and Hearos and PIP then filed a joint motion to dismiss. The district court noted the procedural oddity of the removal by a non-party, but after determining that neither Wilson nor Hearos disputed the district court's subject matter jurisdiction or raised any objections to the removal, the district court adjudicated the case and dismissed Wilson's claim as time-barred under Georgia law.

Wilson appeals the district court's decision, raising two issues: (1) whether removal to federal court by a non-party was a jurisdictional defect or a waivable procedural defect, and (2) assuming the district court had subject matter jurisdiction, whether the district court erred in applying Georgia's service-of-process law instead of federal service law to determine whether Wilson's claims were time barred under Georgia's statute of limitations. After careful review and with the benefit of oral argument, we affirm the district court's order.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

23-12550               Opinion of the Court                3

Hearos, LLC, a Delaware company, manufactures, designs, and markets earplugs. On July 25, 2020, Georgia citizen James Wilson III used a pair to block out noises when attending a training session at a public shooting range. While shooting, however, Wilson felt pain and discomfort in his ears and discovered he had trouble hearing. A doctor later diagnosed him with acute acoustic trauma with significant perceptive hearing loss. Nearly two years later, on July 22, 2022,[1] Wilson filed a complaint against Hearos in state court, alleging various tort claims like negligence and failure to warn.

That same day, Wilson requested and received issuance of a summons for Hearos, but he did not list a recipient's name or address. About a week later, he used that summons to serve a company called CT Corporation System, but, on August 30, 2022, it rejected service because it was not Hearos's registered agent.

Before hearing back from CT Corporation though, Wilson requested and received a second summons on August 23, 2022. But this time, he changed the case caption to include Hearos's New York-incorporated parent company, PIP. Despite obtaining a second summons that listed PIP as the defendant, Wilson sought to serve the first summons on PIP, to no success. Finally, on September 1, 2022, Wilson properly served PIP's registered agent with the second summons. About a month later, PIP filed a notice to

---

[1] Under Georgia law, "actions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A § 9-3-33 (2023). Wilson suffered his injury on July 25, 2020 and had until July 25, 2022 to bring his case.

remove the case to federal court. Up to this point, and despite Wilson having served PIP with a summons listing PIP as a party, the complaint still listed Hearos as the only defendant in the case, Wilson had not filed an amended complaint that said otherwise, and Hearos had still not been served.

On October 11, 2022, PIP and Hearos jointly moved to dismiss for: (1) insufficient process under Fed. R. Civ. P. 12(b)(4) for PIP and Hearos; (2) insufficient process under Fed. R. Civ. P. 12(b)(5) for Hearos; and (3) failure to state a claim under Fed. R. Civ. P. 12(b)(6) for PIP and Hearos. That same day, Hearos filed a special appearance answer and raised an insufficiency-of-service defense. On November 21, 2022, Wilson successfully served Hearos. Thereafter, PIP and Hearos amended their motion to dismiss and struck the Rule 12(b)(5) argument. At no point did Wilson move to remand the case to state court for any reason.

The district court denied the joint motion to dismiss as moot for PIP because it was not a party to the case. Noting the irregularity of a non-party removing the case to federal court, the district court identified competing, nonbinding case law on whether to treat such an improper removal as an unwaivable, jurisdictional defect or a waivable, procedural one. Ultimately, the district court concluded that such a defect was waivable. As there was no dispute over original subject matter jurisdiction and neither party raised any objections within the 30-days limit under the remand statute, 28 U.S.C. § 1447(c), the district court maintained jurisdiction over the case.

Turning to the merits, the district court stated that under Georgia law, if a complaint is filed within the statute-of-limitations period, but service is perfected after that period had ended, then whether the complaint is timely filed for statute-of-limitation purposes depends on "the plaintiff's diligence in effectuating service." But once the defendant notifies the plaintiff of a service problem, then the plaintiff must exercise "the greatest possible diligence" to serve the defendant.

Looking at the case's chronology, the district court concluded that Wilson's claims were time barred. While Wilson filed his complaint three days before the limitations ran on July 22, 2022, he did not successfully serve Hearos until November 21, 2022—117 days after the statute of limitations expired and 41 days after Hearos filed a special appearance answer raising an insufficiency-of-service defense. Moreover, the district court held that Wilson failed to provide sufficient evidence to prove his diligence in perfecting service to justify this delay. Accordingly, the district court dismissed the case. This appeal ensued.

## II.    STANDARD OF REVIEW

We review *de novo* questions of subject matter jurisdiction and statutory interpretation. *Lindley v. FDIC*, 733 F.3d 1043, 1050 (11th Cir. 2013). We also review a district court's interpretation and application of a statute of limitations *de novo*. *Foudy v. Miami-Dade Cnty.*, 823 F.3d 590, 592 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 651 (2017).

## III.    ANALYSIS

### A. Removal by a Non-Party

"The general removal statute, 28 U.S.C. § 1441(a), provides that 'any civil action' over which a federal court would have original jurisdiction may be removed to federal court by 'the defendant or the defendants.'" *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019). The Supreme Court clarified that the referenced "defendant" means "the party sued by the original plaintiff"—not a third party, cross-claim, or counter-claim defendant. *Id.* Needless to say, a non-party like PIP is not any type of "defendant" and has no authority to remove a case from state court to federal court.

But if a non-party does file a notice of removal to federal court, and neither the plaintiff nor defendant raises an objection to remand the case within 30 days, as required under the remand statute § 1447(c), then the question becomes whether that improper removal is a non-waivable jurisdictional defect or whether it is a waivable procedural defect. On appeal, Wilson argues that an improper removal by a non-party strips the district court of subject matter jurisdiction and requires remand to state court at any time during the proceedings.

The answer to that question, however, lies in the plain text of the remand statute. Section 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." So the statute

23-12550                Opinion of the Court                7

provides two bases for remand: (1) a lack of subject matter jurisdiction that can be raised at any time before final judgment or (2) a defect other than lack of subject matter jurisdiction that must be raised within 30 days after filing of the notice of removal. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252–53 (11th Cir. 1999). And a defect other than lack of subject matter jurisdiction can only be raised through a party's motion and not *sua sponte* by the district court. *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (concluding that a district court lacks authority to *sua sponte* remand a case for a procedural defect in removal and "a 'procedural defect' within the meaning of § 1447(c) refers to any defect that does not go to the question of whether the case originally could have been brought in federal district court") (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993)).

There is no dispute that Wilson's case could have been originally filed in federal court. "Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (internal quotations omitted). "A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (internal quotation omitted). Here, there is complete diversity between Wilson, a Georgia citizen, and Hearos, a citizen of New

York.[2]  Even if PIP were a party to the case, diversity would not be destroyed because it is incorporated in New York.  And the amount in controversy exceeds $75,000.  As such, we conclude that the district court had original subject matter jurisdiction under § 1332(a). *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999).

When a district court could have exercised original subject matter jurisdiction had the case been initially filed in federal court, the only other basis for remand is a defect that is subject to the 30-days rule under § 1447(c).  In *Snapper*, we defined "defect" as "[t]he want or absence of some legal requisite; deficiency; imperfection; insufficiency" and "[w]ant or absence of something necessary for completeness or perfection; deficiency." *Snapper*, 171 F.3d at 1253 (alterations in original) (quoting Black's Law Dictionary 418 (6th ed. 1990) and Webster's New International Dictionary of the English Language 686 (2d ed. 1953)).  We gave examples of "legal requisites" of removal, like the filing and timeliness requirements under §§ 1446(a) and (b).  *Id.*  A failure to comply with these requirements renders the removal "defective" and justifies remand under § 1447(c).  *Id.*

---

[2] As a limited liability corporation, Hearos "is a citizen of any state of which a member of the company is a citizen." *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (quotation omitted). Because the only record evidence of Hearos's members is that PIP is its parent, and PIP is a New York corporation with its principal place of business in New York, we must treat Hearos as a citizen of New York.

23-12550                 Opinion of the Court                 9

Being a defendant in the case is a legal requisite for re-moval—§ 1441(a) states that a defendant must be the party to re-move the case to federal court. *Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004). And as the Supreme Court held, it cannot be any defendant—it must be a party sued by the original plaintiff. *Home Depot*, 587 U.S. at 437. Thus, in considering who can remove a case to federal court, the Supreme Court has distinguished between that category of "defendant" and everyone else. A non-party, like a third party, counter-claim, or cross-claim defendant, falls in the lat-ter camp as a person who has no authority to remove a case. There-fore, a removal by "everyone else" is a defect in the removal pro-ceedings—they do not meet the legal requirement under § 1441(a). As such, that determination does not implicate subject matter ju-risdiction and thus must be objected to within 30 days or else waived.

An apt analogy to the improper non-party removal is the im-proper forum-defendant removal. Section 1441(b)(2) prohibits re-moving a civil action to federal court based on diversity jurisdiction if any properly joined defendants are citizens of the state where the case is brought. Yet we have said, along with most of our sister circuits, that such an improper removal is a waivable defect. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (collecting cases). We have recognized that § 1447(c) covers defects beyond the mere mechanics and procedures of the removal process to include "more substantive" ones like those involving a party's citizenship. *Snapper*, 171 F.3d at 1258.

We see no good reason not to extend the same treatment to the improper removal by a non-party where the case could have been originally filed in federal court. For the purposes of the removal statutes, there is no meaningful difference between a forum-defendant or a non-party removing a case—both have no statutory authority to do so. And the operative questions to determine waiver are identical in both situations—did the parties object within 30 days and does the federal court have subject matter jurisdiction. In essence, we respect Wilson's and Hearos's forum choice. If either party had wanted to return the case to state court, they could have filed a motion for remand within 30 days of removal. But because they chose not to, they have acquiesced to federal jurisdiction.

Resisting this conclusion, Wilson cites a Fifth Circuit case, *Housing Authority of Atlanta v. Millwood*, 472 F.2d 268 (5th Cir. 1973), to argue that a removal by a non-party deprives the federal court of subject matter jurisdiction. There, the Housing Authority of the City of Atlanta filed condemnation petitions against several defendants in state court. *Id.* at 269–70. Those defendants counterclaimed for injunctive relief and named the Secretary of Housing and Urban Development ("HUD") as a defendant but did not file a motion to make HUD a party to the case. *Id.* HUD subsequently removed the case to federal court, but the district court remanded because HUD was never a party to the state proceeding. *Id.* at 270. In affirming the lower court's decision, the *Millwood* court concluded that since HUD was not a party to the state action, "a precondition for the district court to have removal jurisdiction," "[t]he district

court lacked jurisdiction to rule on the substantive issues." *Id.* at 272.

Relying on those snippets, Wilson and several lower court and out-of-circuit decisions assert that removal by a non-party is a jurisdictional defect that cannot be waived. *See, e.g.*, *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595–96 (5th Cir. 2020) (citing *Millwood* for the proposition that a "district court lacked subject matter jurisdiction over a matter removed by a non-party"); *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014) (same); *Betts v. Progressive Specialty Ins. Co.*, 2016 WL 3825431, at *2 (S.D. Ala. July 13, 2016) (same).

Wilson's arguments are unpersuasive for several reasons. First, while *Millwood* is binding precedent for this Court,[3] subsequent decisions by the post-split Fifth Circuit are not. And *Millwood* is readily distinguishable from this case. While *Millwood* involved non-party removal to federal court, the greater, more glaring problem for the Fifth Circuit was the lack of original subject matter jurisdiction at the time of removal. The dispute was between the Housing Authority of the City of Atlanta and Georgia citizens over acquiring property pursuant to the state's eminent domain provisions. *Millwood*, 472 F.2d at 269. There was neither federal question jurisdiction under § 1331 nor diversity jurisdiction under § 1332. The only possible removal for that case was through the federal-

---

[3] We adopt as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209–11 (11th Cir. 1981) (en banc).

officer removal statute under § 1442(a), which creates federal subject matter jurisdiction over a civil action against "the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof." 28 U.S.C. § 1442(a). For that to happen, there needed to be a federal officer in the case—HUD. *Millwood*, 472 F.2d at 272. But as HUD was never a party to the case, no possible removal would have succeeded because the federal court would not have had original subject matter jurisdiction over the case. And with no subject matter jurisdiction, "[t]he district court lacked jurisdiction to rule on the substantive issues." *Id.* That is different than here, when there is no dispute that, improper removal aside, there is diversity jurisdiction between Wilson and Hearos, and the district court has original subject matter jurisdiction over the dispute.

In sum, we conclude that a non-party does not have authority to remove a case from state court to federal court. But that inquiry is separate from a federal court's subject matter jurisdiction. If a non-party does remove a case, and that case could have been originally filed in federal court, then that improper removal is a procedural defect subject to the 30-days rule under § 1447(c). And without a timely motion raising that procedural defect, it is waived. Since the district court had original subject matter jurisdiction as a result of diversity and Wilson did not move to remand within 30 days after PIP removed the case to federal court, we conclude that he has waived his objection.

Because we conclude that the district court had subject matter jurisdiction over the case, we turn to the merits—whether Georgia law or federal law governing service of process applied to Wilson's case after it was removed to federal court.

## B. Service of Process

Under Georgia law, "[i]f the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation." *Giles v. State Farm Mut. Ins.*, 765 S.E.2d 413, 416 (Ga. Ct. App. 2014) (quotation omitted). Georgia's service-of-process law directs the person making service to serve the defendant within five days of receiving the summons and complaint. O.C.G.A. § 9-11-4(c). If service is perfected within this five-day window, then it relates back to the date the complaint was filed. *Giles*, 765 S.E.2d at 417.

But even if service is made after the statute of limitations and § 9-11-4(c)'s five-day harbor provision have expired, service can nonetheless relate back to the filing of the complaint to avoid the statute of limitations if the plaintiff exercised diligence in perfecting service. *See Ga. Farm Bureau Mut. Ins. v. Kilgore*, 462 S.E.2d 713, 715 (Ga. 1995); *Van Omen v. Lopresti*, 849 S.E.2d 758, 761 (Ga. Ct. App. 2020). And if "the defendant asserts insufficiency of service after the statute of limitations expires, service can still be timely perfected and relate back to the time of filing, provided that the plaintiff acts with 'the greatest possible diligence to serve the

defendant from that point forward.'" *Arias v. Cameron*, 776 F.3d 1262, 1269 (11th Cir. 2015) (quoting *Moody v. Gilliam*, 637 S.E.2d 759, 761 (Ga. Ct. App. 2006)). "Where service occurs after the statute of limitation has run, plaintiffs bear the additional burden of showing the exercise of due diligence in serving the defendants." *Robinson v. Boyd*, 701 S.E.2d 165, 168 (Ga. 2010).

The record shows that Wilson filed his complaint three days before the statute of limitations on his claims ran. And there is no dispute that Wilson did not serve Hearos within the five-day window, so whether his service related back to the time of filing depended on his diligence in perfecting service. On appeal, Wilson does not dispute that Georgia's service-and-diligence rule applies to his case prior to removal. Instead, he argues that after PIP removed the case to federal court, Federal Rule of Civil Procedure 4(m) displaced Georgia's service-and-diligence regime. And Federal Rule 4(m) gave him 90 days from the date of removal to perfect service onto Hearos, regardless of whether he acted diligently.[4] Fed. R. Civ. P. 4(m).

---

[4] Wilson makes an additional argument that even if he was not diligent under Georgia's standards, he had an opportunity to cure any defects under O.C.G.A. § 9-11-61 by voluntarily dismissing his case and refiling it "either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later." First, the Court believes Wilson intended to cite § 9-2-61(a) "Renewal of case after dismissal" and not § 9-11-61 "Harmless Error." Second, Wilson misunderstands Georgia law. The right to renewal only applies "if an action is discontinued or dismissed *without prejudice for lack of subject matter jurisdiction* in either a court of this state or a federal court in this state." § 9-2-61(c) (emphasis added). The statute therefore

Wilson misapprehends the role of Georgia's service-and-diligence rule, and his argument is foreclosed by our precedent. Georgia's service-and-diligence rule is not merely a procedural rule like Federal Rule 4(m). "By holding that service of process does not relate back to toll the statute of limitations unless the plaintiff has acted diligently, the Georgia courts have interpreted their commencement statute and service of process statute as integral parts of the state statute of limitations." *Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.*, 720 F.2d 1230, 1233 (11th Cir. 1983). State statutes of limitations are substantive law, and under the *Erie* doctrine, a federal court sitting in diversity must apply the controlling substantive law of the state. *Id.* (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 109–10 (1945)).

Put otherwise, even after removal to federal court, Wilson as required by Georgia law still had to show diligence in perfecting service so that the service could relate back to the date he filed his complaint and his claim not be barred by the statute of limitations. Federal Rule 4(m)'s 90-days service window plays no role in determining whether Wilson timely commenced his suit under Georgia's statute of limitations. It merely sets the procedural maximum time allowed to serve defendants so that they have sufficient notice of the pending action and an opportunity to present objections.

---

considers the possibility that a suit will be dismissed with prejudice and thereby foreclose the right of renewal. Here, Wilson's case was dismissed with prejudice for being time barred under the applicable statute of limitations.

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  By contrast, "[t]he statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980).  Thus, each rule serves a distinct function.  So even after the statute of limitations has run, a plaintiff can still serve the defendant within 90 days under Rule 4(m).  The defendant then can either assert a statute-of-limitations defense or waive it.  But "[t]he length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) (quoting *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)).  A federal court has no authority to extend a state-defined statute of limitations. *See Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949) (holding that where a state creates a cause of action, "[i]t accrues and comes to an end when [state] law so declares").

We therefore conclude that the district court did not err in applying Georgia's service-and-diligence law, rather than Federal Rule 4(m), to determine whether Wilson's claims were time barred under Georgia's statute of limitations.[5]

---

[5] On appeal, Wilson does not argue that he complied with Georgia's service-and-diligence rule after removal.  We thus conclude that Wilson has waived any challenge to the district court's conclusion that he failed to meet the "greatest possible diligence" standard after Hearos asserted an insufficiency-

## IV.    CONCLUSION

For the reasons stated, we conclude that if a federal court has original subject matter jurisdiction over a case, removal of the case to federal court by a non-party is a waivable defect subject to § 1447(c)'s 30-day rule.  Here, subject matter jurisdiction existed under § 1332(a) based on complete diversity between Wilson and Hearos and the amount in controversy exceeding $75,000.  Because Wilson did not move to remand within 30 days after the non-party removed the case to federal court, Wilson has waived his objection.  Lastly, we conclude that the district court did not err in applying Georgia's service-and-diligence law to Wilson's case after removal, rather than Federal Rule 4(m), to determine whether Wilson's claims were time barred under Georgia's statute of limitations.

**AFFIRMED.**

---

of-service defense.  *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 681–82 (11th Cir. 2014) (collecting cases).