**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-10569

Non-Argument Calendar

————————————

WELLS FARGO BANK N.A.,

As Trustee for Banc of America Funding Corporation Mortgage
Pass-Through Certificates, Series 2007-5,

*Plaintiff-Appellee,*

*versus*

12757 INVESTMENTGROUP LLC, et al,

*Defendants,*

CLIFFTON L. SNEED,

a.k.a. Clifton Sneed,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cv-60163-RS

————————————

Before ROSENBAUM, NEWSOM, and BRASHER, Circuit Judges.

2                          Opinion of the Court                          25-10569

PER CURIAM:

This appeal arises from a state-court lawsuit filed by Appellee Wells Fargo Bank N.A. against Appellant Cliffton Sneed and other defendants.  Sneed removed the action to federal court based on diversity jurisdiction, *see* 28 U.S.C. § 1332(a), but failed to sufficiently allege the parties' citizenship in the notice of removal. As a result, the district court *sua sponte* ordered Sneed to correct the deficiencies in an amended notice of removal.

When Sneed missed the initial, tight deadline to amend the notice of removal, the district court remanded the case to state court for lack of jurisdiction and failure to comply with a court order.   But the court later granted Sneed's motion for reconsideration and gave him an additional month to file the amended notice.  Sneed again missed the deadline, so the court again remanded the action for lack of jurisdiction and failure to comply with a court order.   Sneed timely moved for reconsideration and submitted an amended notice of removal, but the court denied the motion, explaining that Sneed had been "given multiple opportunities to cure his pleadings and failed to do so." The court noted that the amended notice still failed to establish the citizenship of the defendants.  Sneed now appeals.

We review *de novo* questions of federal subject-matter jurisdiction, *Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 (11th Cir. 2005), and of statutory interpretation, *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009). We ordinarily review the imposition of sanctions under the district

25-10569                Opinion of the Court                3

court's inherent power for an abuse of discretion.  *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1336–37 (11th Cir. 2002); *Betty K Agencies, Ltd.*, 432 F.3d 1333, 1337 (11th Cir. 2005).

"Because this case was originally filed in state court and removed to federal court by [Sneed], [Sneed] bears the burden of proving that federal jurisdiction exists."  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  "[W]hen federal jurisdiction is invoked based upon diversity," the relevant pleading "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant."  *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).  A conclusory allegation in the notice of removal that diversity requirements are satisfied, "without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."  *Williams*, 269 F.3d at 1319.

Nonetheless, "the failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect."  *Corporate Mgmt. Advisors*, 561 F.3d at 1296 (quotation marks omitted).  That distinction is important.  If a district court lacks subject-matter jurisdiction, it "may remand a case *sua sponte* . . . at any time."[1]  *Id.*; *see* 28 U.S.C. § 1447(c) ("If at

---

[1] Moreover, by statute, we lack jurisdiction to review "a remand order based on subject matter jurisdiction."  *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009).  Nonetheless, we retain jurisdiction "to review whether the district court exceeded its authority under §

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). But § 1447(c) "does not authorize *any sua sponte* remand order not based on subject matter jurisdiction." *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001). In other words, a court exceeds its authority by remanding a case *sua sponte* "due to a defect in the removal process." *Id.* at 1319–20; *see also In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410-11 (11th Cir. 1997) ("The court acted outside of its statutory authority by remanding for a procedural defect after thirty days of the notice of removal.").

Here, the district court exceeded its authority by remanding the state case *sua sponte* based solely on procedural defects. Citing its inherent authority to manage its docket, the court ordered the *sua sponte* remand based on deficient citizenship allegations in Sneed's notice of removal and Sneed's failure to timely correct such allegations. But we have made clear that "the failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect." *Corporate Mgmt. Advisors*, 561 F.3d at 1296.

That procedural defect in removal, without more, cannot support a *sua sponte* remand.[2] *See Whole Health*, 254 F.3d at 1319;

---

1447(c) by remanding this case [*sua sponte*] because of a perceived procedural defect in the removal process." *Id.*

[2] As the district court noted, its inherent power to manage its docket includes the power to dismiss an action as a sanction for a *plaintiff's* failure to prosecute

25-10569              Opinion of the Court                    5

*Wilson v. Hearos, LLC*, 128 F.4th 1254, 1260 (11th Cir. 2025) ("[A] defect other than lack of subject matter jurisdiction can only be raised through a party's motion and not *sua sponte* by the district court."). And despite labeling its order as "jurisdiction[al]" in part, the court made no ruling about whether diversity jurisdiction in fact existed, or whether the case "could have been originally filed in federal court." *Wilson*, 128 F.4th at 1260. The record is otherwise inconclusive as to whether the parties are of diverse citizenship. *See Williams, Inc.*, 269 F.3d at 1320 ("Where the pleading are inadequate, we may review the record to find evidence that diversity jurisdiction exists.").

Because the record is inconclusive as to whether diversity jurisdiction existed, we remand this case to the district court for the "purpose of determining the citizenships of the parties, consistent with this opinion." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1023 (11th Cir. 2004). We reiterate that Sneed bears the burden of proving the existence of federal jurisdiction. *See Williams*, 269 F.3d at 1319. That means affirmatively showing the citizenship of the respective parties so

---

or to comply with court orders. *See Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017). But the court did not identify any authority authorizing remand as a sanction for a *defendant's* failure to establish citizenship in a notice of removal, even in circumstances where the court may have diversity jurisdiction. And we have held that the failure to adequately plead citizenship is a procedural defect, which cannot support the court's statutory *sua sponte* remand authority. *See Wilson v. Hearos, LLC*, 128 F.4th 1254, 1260 (11th Cir. 2025); *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001).

that the court "is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. A conclusory allegation that the defendants do not share the plaintiff's citizenship, "without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319. "If [Sneed] fails, and there is no diversity of citizenship, then the district court should remand the case to state court for want of federal jurisdiction." *Rolling Greens*, 374 F.3d at 1023.

**VACATED AND REMANDED.**